UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMAZON.COM SERVICES LLC,

    410 Terry Avenue North
    Seattle, Washington 98109-5210,

    Plaintiff,

v.

NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, TIMOTHY CONNICK, in his official capacity as Chair of the New York State Public Employment Relations Board, BARBARA C. DEINHARDT, in her official capacity as Member of the New York State Public Employment Relations Board, ROSEMARY A. TOWNLEY, in her official capacity as Member of the New York State Public Employment Relations Board, LAURA H. DELANEY, in her official capacity as General Counsel of the New York State Public Employment Relations Board, and JOSEPH E. O'DONNELL, in his official capacity as Director of Private Employment Practices and Representation for the New York State Employment Relations Board,

    P.O. Box 2074
    Empire State Plaza
    Agency Building 2
    Albany, New York 12220-0074,

    Defendants.

Case No.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Plaintiff Amazon.com Services LLC ("Amazon") brings this civil action against the above-named Defendants seeking declaratory and injunctive relief, and alleges as follows:

## INTRODUCTION

1. For nearly a century, federal law—not state law—has set the rules for private-sector labor relations in the United States. Congress built the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–169, to guarantee a single, unified system for union organizing, collective bargaining, and workplace disputes. The NLRA assigns primary regulatory jurisdiction to the National Labor Relations Board (NLRB), with judicial review in the federal courts of appeals.

2. That uniformity is no accident: it's the bedrock of labor peace, business certainty, and constitutional order. That is why the Supreme Court has recognized "two types of pre-emption as necessary to implement federal labor policy." *Chamber of Com. of U.S. v. Brown*, 554 U.S. 60, 65 (2008). First, under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), states may not regulate conduct actually, or even arguably, covered by Sections 7 or 8 of the NLRA. Second, under *Lodge 76, International Association of Machinists & Aerospace Workers v. Wisconsin Employment Relations Commission*, 427 U.S. 312 (1976), states may not regulate conduct that Congress left unregulated, subject only to the free play of economic forces. The takeaway from *Garmon* and *Machinists* is that local and state labor laws that purport to replace, supplement, or encroach upon the NLRA's exclusive domain are preempted.

3. The State of New York threatens to shatter that foundation. On September 5, 2025, New York enacted Senate Bill 8034A/Assembly Bill 8590A, which amended a section of the New York State Employment Relations Act (the "SERA Amendment"), N.Y. Lab. Law § 715. The SERA Amendment purports to empower the New York State Public Employment Relations Board (PERB) to regulate private-sector labor relations already governed exclusively by federal law under the NLRA. A copy of the SERA Amendment is attached to the Declaration of James J. La Rocca dated September 22, 2025 ("La Rocca Decl.") as <u>Exhibit 1</u>.

4. This case challenges the constitutionality of the SERA Amendment, which ignores the limits of the Supremacy Clause, openly defies the principles articulated in *Garmon* and *Machinists*, and violates the Fourteenth Amendment's Due Process Clause.

5. The SERA Amendment provides that PERB shall assert jurisdiction over NLRA-covered employees unless and until the NLRB "successfully asserts jurisdiction . . . pursuant to an order by the federal district court." N.Y. Lab. Law § 715(1)(b). It also commands PERB to "promptly certify" bargaining representatives previously certified by another state or federal agency, including the NLRB. *Id.* § 715(2).

6. In other words, the SERA Amendment flips U.S. labor law on its head: it presumes PERB jurisdiction over every private-sector employer until the NLRB gets a court to hold otherwise. In the meantime, it subjects those employers to a patchwork of state rules that at times overlap with and contradict the strictures of federal labor law.

7. The SERA Amendment is unconstitutional. It intrudes on and seeks to displace exclusive federal authority. It presumptively places PERB as the primary regulator of labor disputes that fall squarely within the NLRA, even when they are the subject of ongoing NLRB proceedings. It creates parallel, duplicative proceedings, exposes employers to conflicting obligations, and destroys the national uniformity Congress considered essential to labor peace. This regime also subjects employers like Amazon to vague and arbitrary enforcement in violation of due process.

8. Amazon's concerns are not hypothetical. On September 17, 2025, PERB forced Amazon into the crosshairs of New York's unconstitutional power grab. In response to an unfair labor practice charge filed by the Amazon Labor Union-International Brotherhood of Teamsters Local 1 (ALU) on behalf of a former employee at Amazon's JFK8 Staten Island fulfillment center,

PERB invoked its new authority under the SERA Amendment to haul Amazon into state proceedings over a dispute already pending before the NLRB.

9. The PERB proceeding out of JFK8 leaves Amazon subject to commands from dueling regulators—precisely the scenario Congress designed the NLRA to prevent. Amazon thus faces the immediate risk of conflicting rulings from two agencies, one federal and one state, regulating the same issue.

10. The Supremacy Clause does not tolerate 50 competing labor law regimes, and it does not permit New York to substitute its judgment for Congress's. Nor do *Garmon* or *Machinists* allow States to step in based on their perception that the federal regulator has failed to act.

11. Amazon therefore seeks declaratory and injunctive relief to stop this unconstitutional intrusion before the damage becomes irreparable. This Court must halt enforcement of the SERA Amendment and the PERB proceeding against Amazon by issuing a temporary restraining order and injunction to preserve the exclusive jurisdiction of the NLRB and to protect Amazon's statutory and constitutional rights.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3). This action arises under the Supremacy Clause of the United States Constitution, the Fourteenth Amendment, the NLRA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Federal courts have jurisdiction where a plaintiff seeks to enjoin a state regulation on the grounds that it is preempted by federal law. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983); *Cable Television Ass'n of N.Y., Inc. v. Finneran*, 954 F.2d 91, 93–95 (2d Cir. 1992).

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Amazon's claims occurred in this District, inasmuch

as the employee on whose behalf the ALU initiated the PERB proceeding worked at Amazon's JFK8 fulfillment center.

## THE PARTIES

14. Plaintiff Amazon is a limited liability company duly organized and existing under the laws of the State of Delaware. Amazon's principal place of business is in Seattle, Washington.

15. Defendant PERB is a New York administrative agency, headquartered in Albany, New York. PERB enforces SERA as well as the New York Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 201–215, also known as the Taylor Law.

16. Defendant Timothy Connick is PERB's Chairperson. Amazon is suing him in his official capacity.

17. Defendant Barbara C. Deinhardt is a PERB Member. Amazon is suing her in her official capacity.

18. Defendant Rosemary A. Townley is a PERB Member. Amazon is suing her in her official capacity.

19. Defendant Laura H. Delaney is PERB's General Counsel. Amazon is suing her in her official capacity.

20. Defendant Joseph E. O'Donnell is PERB's Director of Private Employment Practices and Representation. Amazon is suing him in his official capacity.

## FACTUAL BACKGROUND

**A.   The NLRB has exclusive authority over NLRA-regulated employers.**

21. The NLRA is the nation's primary law governing labor relations for most private-sector employers engaged in interstate commerce, including Amazon. Section 7 of the NLRA guarantees employees the right to self-organization, collective bargaining, and concerted activity, and the right to refrain from such activity. 29 U.S.C. § 157. Section 8 of the NLRA prohibits unfair

labor practices by both employers and labor organizations. *Id.* §§ 158(a), (b). In addition, Section 8 of the NLRA safeguards employer speech by expressly protecting the expression of any views, arguments, or opinions so long as they contain no threats or promises of benefit. *Id.* § 158(c). Section 8 of the NLRA also "does not compel either party to agree to a proposal or require the making of a concession" as part of good faith collective bargaining negotiations. *Id.* § 158(d).

22. Congress vested the NLRB with exclusive jurisdiction to administer the NLRA, including the certification of bargaining units, supervision of elections, and adjudication of unfair labor practice charges. 29 U.S.C. §§ 159, 160. Judicial review of NLRB orders lies exclusively in the federal courts of appeals. *Id.* § 160.

23. The NLRA further provides that the NLRB's power to prevent the commission of unfair labor practices "shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law or otherwise." *Id*. § 160(a). Although the NLRB may, by "agreement with any agency of any State . . . cede to such agency jurisdiction" over certain labor disputes, *id.*, it has never done so.[1] And even if the NLRB ever did cede jurisdiction to a state, the state's provisions must not be "inconsistent with the corresponding provision of [the NLRA]." 29 U.S.C. § 160(a).

24. The Supreme Court has repeatedly held that this federal scheme broadly preempts state attempts to regulate labor relations. Under *Garmon* preemption, states may not regulate conduct that is protected, prohibited, or even arguably subject to Sections 7 or 8 of the NLRA.

---

[1] NLRB, *An Outline of Law and Procedure in Representation Cases* § 1-100(b), at 2 (Jan. 2025), *available at* https://www.nlrb.gov/guidance/key-reference-materials/manuals-and-guides ("[A]s of 2024, the Board has never made a cession agreement, notwithstanding the requests of some States.").

Under *Machinists* preemption, states may not regulate conduct that Congress intended to leave unregulated, "left to be controlled by the free play of economic forces."

25. As a result, states historically limited their labor laws to employers and employees not covered by the NLRA, such as agricultural workers or state and local public employees.

**B.    New York unconstitutionally expands PERB's jurisdiction through the SERA Amendment, which subjects employers like Amazon to a state regulatory scheme that mirrors the NLRA in myriad respects.**

26. Prior to the SERA Amendment's enactment, SERA expressly excluded from PERB's jurisdiction employees covered by the NLRA. N.Y. Lab. Law § 715 (pre-amendment). Instead, the pre-Amendment SERA provided that New York's labor scheme applied only to state employees, agricultural employees, and non-employee contractors, all of whom are excluded from coverage under the NLRA. *Compare id.* with 29 U.S.C. § 152.

27. PERB has exclusive jurisdiction to administer SERA, including certifying bargaining units, supervising elections, and adjudicating unfair labor practice charges that arise under state law. *Id.* §§ 704, 705. Judicial review of PERB orders lies exclusively in New York's state courts. *Id.* § 707.

28. On September 5, 2025, New York enacted the SERA Amendment, N.Y. Lab. Law § 715, which purports to dramatically expand PERB's authority to reach employers and employees indisputably covered by the NLRA.[2]

---

[2] *See* Press Release, Office of the Governor, "Governor Hochul Signs Legislation to Strengthen and Expand Worker and Labor Protections" (Sept. 6, 2025), *available at* https://www.governor.ny.gov/news/governor-hochul-signs-legislation-strengthen-and-expand-worker-and-labor-protections. As justification for the SERA Amendment, Governor Hochul declared that New York was "taking strong action to protect worker rights" because "the Trump Administration has failed to prioritize a strong National Labor Relations Board." *Id.* PERB Chair Connick announced that "PERB stands ready to fill the void left by Trump's NLRB and protect the rights of workers and organized labor across the state." *Id.*

29. The SERA Amendment was not passed pursuant to any agreement by which the NLRB agreed to cede its exclusive jurisdiction over private employers like Amazon.

30. The SERA Amendment nevertheless mandates that PERB shall assert jurisdiction over NLRA-covered employers and employees "unless and until the [NLRB] successfully asserts jurisdiction . . . pursuant to an order by the federal district court established under article three of the United States Constitution." N.Y. Lab. Law § 715(1)(b).

31. The SERA Amendment thus purports to subject employers like Amazon to the provisions of SERA, a parallel scheme of state-level labor rules, when those employers are already subject to such regulation through the NLRA.

32. For example, the SERA Amendment provides for the prevention of unfair labor practices under circumstances that parallel the NLRA. *Compare* N.Y. Lab. Law §§ 703, 704(10) (defining "an unfair labor practice" to include "any acts" that "interfere with, restrain or coerce employees in the exercise of" rights including "the right of self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection"), *with* 29 U.S.C. §§ 157, 158(a)(1) (defining "an unfair labor practice" to include employer conduct that "interfere[s] with, restrain[s], or coerce[s] employees in the exercise of" rights including "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection").

33. The SERA Amendment also empowers PERB to certify collective bargaining units using a framework similar to that found in Section 9 of the NLRA. *Compare* N.Y. Lab. Law § 705 (outlining procedures for designating collective bargaining units), *with* 29 U.S.C. § 159 (same).

34. In fact, the SERA Amendment also commands PERB, "upon application and verification, [to] promptly certify the exclusive bargaining representative of any bargaining unit previously certified by another state or federal agency," including the NLRB. *Id.* § 715(2). The SERA Amendment thus purports to empower PERB to adopt the NLRB's decisions to certify bargaining units covered by the NLRA, making employers subject to unfair labor practice liability with respect to that bargaining unit under both New York and federal law.

35. The SERA Amendment's purported jurisdictional carveout for cases where the NLRB "successfully asserts jurisdiction" in federal district court is illusory. The NLRB does not, as a matter of course, seek district court orders to assert its jurisdiction. Representation and unfair labor practice proceedings occur before the NLRB itself, with judicial review in the courts of appeals. Federal district courts play no role in these proceedings, except in rare unfair labor practice cases where the NLRB petitions for temporary injunctions. *See* 29 U.S.C. §§ 160(j), (k).

36. As a practical matter, therefore, the SERA Amendment grants PERB overlapping and concurrent jurisdiction with the NLRB over private-sector labor relations—a result flatly inconsistent with the NLRA's exclusive federal framework.

**C.      PERB's regime also differs from the NLRA.**

37. The SERA Amendment does not simply replicate the NLRA. Instead, PERB administers a labor law regime that diverges in critical respects from the framework Congress enacted.

38. First, the NLRA protects not only employees' right to organize but also their right to refrain. 29 U.S.C. § 157. SERA contains no parallel right to refrain. *See* N.Y. Lab. Law § 703.

39. Second, the NLRA prohibits both employers and unions from committing unfair labor practices. 29 U.S.C. §§ 158(a), (b). SERA, by contrast, prohibits employers from committing unfair labor practices, but not unions. N.Y. Lab. Law § 704.

40. Third, Section 8(c) of the NLRA expressly protects employer speech in labor matters. 29 U.S.C. § 158(c). SERA includes no such protection. To the contrary, it forbids employers from interfering with union activity "by any acts" without any exceptions for employer speech. N.Y. Lab. Law §§ 704(10).

41. Fourth, SERA authorizes PERB, on its own motion or at the Governor's direction, to intervene in labor matters to "effect a voluntary, amicable and expeditious adjustment and settlement of the differences and issues between employer and employees." N.Y. Lab. Law § 702-a(1). The NLRA deliberately withholds such powers from the NLRB, instead preserving the free play of bargaining and economic forces and providing that neither employers nor unions can be compelled to accept the other's bargaining proposal. *See* 29 U.S.C. § 158(d).

42. These differences confirm that New York is not simply stepping into a perceived federal "gap." Rather, it has established a parallel labor law system that strips rights Congress granted under the NLRA and imposes duties Congress deliberately declined to create.[3]

**D.   PERB's unconstitutional assertion of jurisdiction forces Amazon into duplicative and conflicting proceedings.**

43. On September 15, 2025, the ALU filed a charge with PERB alleging an unfair labor practice at Amazon's JFK8 fulfillment center in Staten Island, New York. A copy of the charge is attached to the La Rocca Decl. as Exhibit 2.

---

[3] Before New York enacted the SERA Amendment, the NLRB Acting General Counsel warned that such state efforts "very likely would be preempted by the [NLRA]" and "cannot be reconciled with the Supremacy Clause." Press Release, NLRB, "Acting General Counsel Statement on Potential State Legislation Regulating Private Sector Labor Relations" (Aug. 15, 2025), *available at* https://www.nlrb.gov/news-outreach/news-story/acting-general-counsel-statement-on-potential-state-legislation-regulating). After New York ignored that warning, the NLRB filed suit in the U.S. District Court for the Northern District of New York to enjoin the SERA Amendment as preempted by the NLRA. *See NLRB v. State of New York*, No. 1:25-cv-01283-GTS-ML (N.D.N.Y. filed Sept. 12, 2025). By suing to block the law, the NLRB confirmed that the SERA Amendment creates a direct clash between state and federal authority over private-sector labor relations.

44. On September 17, 2025, PERB served the charge on Amazon and issued a Notice of Conference, formally docketing the matter as Case No. UP-40005. A copy of the Notice of Conference is attached to the La Rocca Decl. as Exhibit 3.

45. The PERB charge centers on the August 9, 2025 termination of Brima Sylla, a former JFK8 employee and Vice President of the ALU, for productivity reasons. La Rocca Decl. Ex. 2 ¶ 18. According to the PERB charge, Amazon representatives began approaching Sylla in January 2025 regarding low productivity and took multiple disciplinary actions over the ensuing months before terminating him in August 2025. *Id.* ¶ 25. Sylla alleges that his termination was pretext for Amazon to retaliate against him for his union activities, including his role in a December 2024 strike and his repeated complaints about management's removal of union flyers. *Id.* ¶ 33.

46. The PERB charge invokes N.Y. Lab. Law § 704(10), which prohibits employers from "do[ing] any acts . . . which interfere with, restrain or coerce employees in the exercise of the rights guaranteed under section 703." In turn, § 703 guarantees employees "the right of self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection, free from interference, restraint, or coercion of employers . . . ." N.Y. Lab. Law § 703.

47. The PERB charge alleges conduct governed by Section 8 of the NLRA that could have been made to the NLRB in the form of a federal unfair labor practice charge. *See* 29 U.S.C. § 158(a)(1) (making it unlawful for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in Section 7); *id.* § 158(a)(3) (making it unlawful for an employer "by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization").

48. In fact, some of the same productivity issues raised in the PERB charge are *already* the subject of an unfair labor practice charge pending before the NLRB challenging the very same disciplinary actions Sylla now cites in support of the PERB proceeding.

49. In NLRB Case No. 29-CA-361669, the ALU alleged Amazon disciplined Sylla in January 2025 for "Idle Time" and low productivity in retaliation for union organizing. A copy of the NLRB's request for information from Amazon regarding that charge is attached to the La Rocca Decl. as Exhibit 4.

50. Amazon submitted its position statement to Region 29 investigators for Case No. 29-CA-361669 on May 27, 2025, and that charge remains pending before NLRB Region 29. Sylla has filed two other NLRB charges alleging Amazon has violated the NLRA with respect to its treatment of his employment at JFK8. *See* NLRB Case Nos. 29-CA-310868, 29-CA-359088.

51. According to the PERB charge, ALU has invoked PERB's authority under the newly enacted SERA Amendment by identifying Amazon as the respondent employer, specifying JFK8's operations and workforce, and asserting that "jurisdictional requirements have been met due to the recent amendment to New York Labor Law (NYLL) Section 715, under which PERB now has jurisdiction over this matter involving a nationwide employer." *See* La Rocca Decl. Ex. 2.

52. The Notice of Conference directs Amazon to file a response to the charge within ten working days—*i.e.*, by October 1, 2025. It also schedules a virtual conference for October 13, 2025, before Defendant O'Donnell sitting as an Administrative Law Judge. The Notice of Conference warns that failure to respond could result in deemed admissions of the charge's allegations. *See* La Rocca Decl. Ex. 3.

53. By forcing Amazon to respond to PERB regarding allegations that fall squarely under the NLRA and within the adjudicatory power of the NLRB, New York has created the collision of state and federal authority Congress sought to avoid. Both PERB and the NLRB now claim jurisdiction over the same employee, the same discipline, and the same productivity issues, yet will apply different statutory regimes and remedies.

54. Amazon is thus exposed to duplicative litigation, inconsistent rulings, and conflicting obligations. That immediate and ongoing harm underscores why the SERA Amendment is unconstitutional and the need for judicial intervention to prevent irreparable harm.

## COUNT ONE
SUPREMACY CLAUSE – *GARMON* PREEMPTION
*Facial Challenge to N.Y. Lab. Law § 715*
(Declaratory and Injunctive Relief, U.S. Const. art. VI, cl. 2)

55. Amazon incorporates by reference all preceding paragraphs as if fully set forth herein.

56. The SERA Amendment violates the Supremacy Clause under *Garmon* preemption because it regulates activities covered by the NLRA.

57. Under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), states may not regulate conduct that is actually or even arguably protected or prohibited by Sections 7 or 8 of the NLRA.

58. By purporting to displace the NLRB and to regulate matters at the heart of Sections 7 and 8 of the NLRA, the SERA Amendment is indisputably preempted under *Garmon*.

59. Pursuant to the Supremacy Clause and the Court's equitable authority under 28 U.S.C. § 1331, Amazon is entitled to declaratory and injunctive relief barring enforcement of the SERA Amendment.

## COUNT TWO
SUPREMACY CLAUSE – *GARMON* PREEMPTION
*As-Applied Challenge to PERB Case No. UP-40005*
(Declaratory and Injunctive Relief, U.S. Const. art. VI, cl. 2)

60. Amazon incorporates by reference all preceding paragraphs as if fully set forth herein.

61. The pending proceeding before PERB docketed as Case No. UP-40005 violates the Supremacy Clause under *Garmon* preemption because it attempts to regulate conduct squarely governed by Section 8 of the NLRA.

62. The charge in Case No. UP-40005 invokes Section 704(10) of the NYLL, which mirrors the protections of Section 8(a) of the NLRA, 29 U.S.C. § 158(a), and is even broader.

63. Moreover, the charge in Case No. UP-40005 raises some of the same allegations already subject to an unfair labor practice proceeding before the NLRB in Case No. 29-CA-361669.

64. PERB's attempt to exercise authority over Amazon in Case No. UP-40005 thus seeks to regulate conduct that is clearly covered by Section 8 of the NLRA, in violation of *Garmon*.

65. Pursuant to the Supremacy Clause and the Court's equitable authority under 28 U.S.C. § 1331, Amazon is entitled to declaratory and injunctive relief barring PERB from exercising authority over it in Case No. UP-40005.

## COUNT THREE
SUPREMACY CLAUSE – *MACHINISTS* PREEMPTION
*Facial Challenge to N.Y. Lab. Law § 715*
(Declaratory and Injunctive Relief, U.S. Const. art. VI, cl. 2)

66. Amazon incorporates by reference all preceding paragraphs as if fully set forth herein.

67. The SERA Amendment violates the Supremacy Clause under *Machinists* preemption because it imposes on Amazon a regulatory regime that intrudes on areas Congress intended to leave unregulated.

68. In *Local 76, International Association of Machinists and Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976), the Supreme Court held that states may not regulate conduct Congress intended to leave unregulated, subject only to the "free play of economic forces."

69. Section 8 of the NLRA codifies this balance by protecting employer speech, and, with respect to collective bargaining, "does not compel either party to agree to a proposal or require the making of a concession." 29 U.S.C. §§ 158(c), (d).

70. SERA—which is made applicable to Amazon by virtue of the SERA Amendment—intrudes on this free space in several ways. It prohibits employer communications that the NLRA protects, strips away employer rights to resist unionization through non-coercive means, and empowers PERB—on its own motion or at the New York Governor's direction—to intervene and "settle" labor matters. *See* N.Y. Lab. Law §§ 702-a, 704(10), 704(11).

71. By imposing these provisions on employers like Amazon, the SERA Amendment distorts the federal balance by regulating matters Congress left unregulated.

72. By interfering with the free play of bargaining, the SERA Amendment is preempted under *Machinists*.

73. Pursuant to the Supremacy Clause and the Court's equitable authority under 28 U.S.C. § 1331, Amazon is entitled to declaratory and injunctive relief barring enforcement of the SERA Amendment.

# COUNT FOUR
DUE PROCESS – VAGUE AND ARBITRARY ENFORCEMENT
*Facial Challenge to N.Y. Lab. Law § 715*
(Declaratory and Injunctive Relief, U.S. Const. amend. XIV and 42 U.S.C. § 1983)

74. Amazon incorporates by reference all preceding paragraphs of this complaint as if fully set forth herein.

75. The Fourteenth Amendment prohibits states from depriving any person of liberty or property without due process of law.

76. A statute violates due process if it fails to give fair notice of when it applies or if it invites arbitrary enforcement.

77. The SERA Amendment is unconstitutionally vague in at least three ways.

78. First, the SERA Amendment purports to apply to employers regulated by the NLRB under the NLRA unless the NLRB has "successfully assert[ed] jurisdiction over [the] employer, employees, trades, or industries pursuant to an order by the federal district court." N.Y. Lab. Law § 715(1). But the NLRA does not contemplate district court orders asserting jurisdiction in representation or unfair labor practice proceedings. With rare exceptions under Sections 10(j) and (k) of the NLRA, federal district courts play no role in NLRB proceedings. This statutory trigger is unintelligible, leaving employers like Amazon without fair notice of when state law applies and when federal law governs. It authorizes PERB to insert itself arbitrarily into ongoing federal proceedings, as here.

79. Second, by imposing New York's labor regime on private employers, the SERA Amendment makes it unlawful for an employer "to do any acts . . . which interfere with, restrain or coerce employees" in exercising their rights. N.Y. Lab. Law § 704(10). That prohibition is broader than the NLRA's Section 8(a)(1), which is limited by Section 8(c)'s explicit protection for employer speech. Without that limitation, ordinary employer communications, such as emails,

trainings, or meetings, could be construed as unlawful "interference." That vagueness forces employers to self-censor and violates their due process rights.

80. Third, by imposing New York's labor regime on private employers, the SERA Amendment empowers PERB to "effect a voluntary, amicable and expeditious adjustment and settlement" of disputes. N.Y. Lab. Law § 701-a(1). But the statute does not provide any standards to guide when or how PERB may intervene, nor does it define "effect." This open-ended mandate invites arbitrary action, which violates employers' due process rights.

81. By subjecting Amazon to this vague and standardless enforcement regime, Defendants, acting under color of state law, violate Amazon's rights under the Due Process Clause of the Fourteenth Amendment.

82. Amazon is therefore entitled to declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

WHEREFORE, to vindicate the Supremacy Clause and preserve Congress's exclusive scheme for private-sector labor relations, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Declare that (1) PERB's attempt to exercise and assert authority over Amazon in Case No. UP-40005 is unconstitutional, preempted, and *ultra vires*; and (2) the SERA Amendment, N.Y. Lab. Law § 715, is unconstitutional, preempted, null, and void both (a) on its face, and (b) as applied to Amazon;

B. Preliminarily and permanently enjoin Defendants, and all those acting in concert with them, from (1) exercising or asserting authority over Amazon in Case No. UP-

40005, and (2) enforcing SERA against any employers or employees covered by the NLRA, including Amazon;

C. Award Amazon its costs, expenses, and reasonable attorneys' fees incurred in bringing this action, including attorneys' fees and costs under 42 U.S.C. § 1988(b) for successful claims against state officials under 42 U.S. § 1983; and

D. Grant such other and further relief, at law or in equity, as the Court deems just and proper.

DATED: New York, New York
September 22, 2025

Respectfully submitted,

By: */s/James J. La Rocca*
    James J. La Rocca
    HUNTON ANDREWS KURTH LLP
    200 Park Avenue, 52nd Floor
    New York, New York 10166
    Tel: (212) 309-1000
    Fax: (212) 309-1100
    jlarocca@hunton.com
    *Attorneys for Plaintiff*

Amber M. Rogers*
HUNTON ANDREWS KURTH LLP
1455 Ross Avenue, Suite 3700
Dallas, Texas 75202
Tel: (214) 979-3000
Fax: (214) 880-0011
arogers@hunton.com
*Attorneys for Plaintiff*

Kurt G. Larkin*
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8200
Fax: (804) 788-8218
klarkin@hunton.com
*Attorneys for Plaintiff*

**pro hac vice* motion forthcoming