# Exhibit 4



UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| REGION 29 | Agency Website: www.nlrb.gov |
| One Metrotech Center, 20th Floor | Telephone: (718)330-7713 |
| Suite 2000 | Fax: (718)330-7579 |
| Brooklyn, NY 11201-3948 | Agent's Direct Dial: (718)765-6191 |

April 29, 2025

Amber M. Rogers Esq.
Hunton Andrews Kurth LLP
1445 Ross Ave
Suite 3700
Dallas, TX 75202-2755
arogers@hunton.com

Kurt G. Larkin, Esq.
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
klarkin@hunton.com

              Re: Amazon.com Services LLC
                 Case 29-CA-361669

Dear Ms. Rogers, Mr. Larkin:

  I am writing this letter to advise you that it is now necessary for me to take evidence from your client regarding the allegations raised in the investigation of the above-captioned matter. Set forth below are the allegations and issues on which your evidence is needed, a request to take affidavits, a request for documentary evidence, and the date for providing your evidence.

  **Allegations:** The allegations for which I am seeking your evidence are as follows.

  On or about January 3, 2025, Amazon.com Services LLC ("Employer"), issued a written warning to Brima Sylla for "Idle Time" because he engaged in union activities and in order to discourage such activities.

  On or about January 3, 2025, the Employer issued a written warning to Brima Sylla for violating the Off-Duty Policy because he engaged in union and/or protected concerted activities and in order to discourage such activities.

  Since on or about January 17, 2025, the Employer denied Brima Sylla the opportunity to appeal his written disciplines because he engaged in union and/or protected concerted activities and in order to discourage such activities.

Amazon.com Services LLC             - 2 -             April 29, 2025
Case 29-CA-361669

**Board Affidavits:** I am requesting to take affidavits from and any individuals you believe have information relevant to the investigation of the above-captioned matter. Please be advised that the failure to present representatives who would appear to have information relevant to the investigation of this matter, for the purposes of my taking sworn statements from them, constitutes less than complete cooperation in the investigation of the charge(s). Please contact me by Thursday, May 8, 2025, to schedule these affidavits.

**Documents:** Please provide the following documents, including, but not limited to, Electronically Stored Information (ESI),[1] along with any and all other evidence you deem to be relevant to the case. Please provide all ESI in the electronic format in which it is ordinarily maintained in the usual course of business:

1. Copy of the "Off-Duty" Policy.
2. Any written documents explaining what Idle Time means and how it is calculated.
3. Any written documents outlining the Employer's internal appeal process of written disciplines.
4. Copies of written disciplines issued to employees for "Idle Time" from November 1, 2024, to the present.
5. Copies of written disciplines issued to employees for violating the Off-Duty Policy from November 1, 2024, to the present.

**ESI Search Documentation:** When producing ESI, please include detailed descriptions of how the ESI searches were conducted, including:

1. What date(s) was the ESI search conducted?

2. Who conducted the ESI search?

3. Whose ESI was searched? Efforts by your client to comply with this request should include a reasonable search of the ESI of all potential "custodians" who are most likely to possess responsive ESI covered by the request. Please provide the names and positions of all custodians included in the search.

4. What ESI was searched? For each custodian's ESI, please describe with particularity what information systems, archives and document management systems were included in the search. Did the search include both ESI stored on enterprise servers and ESI stored in personal folders and/or archives on individual machines? Did the search include ESI hosted by third-party service providers, including both company and

---

[1] As used in this letter, the term "ESI" refers to electronically stored information, e.g. electronic documents, emails, other messages transmitted on any text-based mobile messaging platform (e.g. SMS, iMessage, Whatsapp, Snapchat, Kik, etc.) or instant messaging platform (e.g. Skype, Slack, Facebook messenger, LinkedIn messenger, etc.), and any data created by proprietary software tools. ESI should be produced in the form or forms in which it is ordinarily maintained in the usual course of business. ESI produced should maintain all functionality (such as being searchable and/or sortable) available to the producing party in the usual course of its business. The Agency requests that all ESI produced be provided in the format in which it was created and maintained (commonly known as "native file format," e.g., .doc(x), .xls(x)).

Amazon.com Services LLC  
Case 29-CA-361669

- 3 -

April 29, 2025

    personal accounts used by custodians for work-related communications? Did the search include shared information systems such as networked drives or tools intended for work related collaboration? How were mobile devices treated in the search?

5. How was the search conducted? Please report what search tools and/or search terms were used to locate responsive ESI.

**Date for Submitting Evidence:** To resolve this matter as expeditiously as possible, you must provide your evidence and position in this matter by **May 13, 2025**. If you are willing to allow me to take affidavits, please contact me by May 8, 2025, to schedule a time to take affidavits. Pursuant to Section 102.5 of the Board's Rules and Regulations, parties must submit all documentary evidence, including statements of position, exhibits, sworn statements, and/or other evidence, by electronically submitting (E-Filing) them through the Agency's web site (www.nlrb.gov). You must e-file all documents electronically or provide a written statement explaining why electronic submission is not possible or feasible. Failure to comply with Section 102.5 will result in rejection of your submission. The Region will make its determination on the merits solely based on the evidence properly submitted.

Please contact me at your earliest convenience by telephone, (718)765-6191 or e-mail, ioulia.fedorova@nlrb.gov, so that we can discuss how you would like to provide evidence, and I can answer any questions you have with regard to the issues in this matter.

                                                    Very truly yours,

                                                    Ioulia Fedorova  
                                                    Field Examiner