

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

September 26, 2025

*Via CM/ECF*

Hon. Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Amazon.com Services LLC v. New York State Public Employment Relations Board, et al.*
      Case No. 1:25-cv-05311-ENV-MMH
      <u>Defendants' Letter Motion to Stay in Light of the Parallel NDNY Litigation</u>

Dear Judge Komitee:

      On behalf of Defendants, we move to stay this action in light of an earlier filed case concerning the same subject matter, *National Labor Relations Board v. State of New York et al.*, No. 25 Civ. 01283 (N.D.N.Y.) (the "NDNY Litigation").[1] The two actions concern parallel facts and claims, and the plaintiffs in each seek preliminary injunctive relief on similar preemption grounds. In the NDNY Litigation, Defendants intend to seek expedited discovery from the National Labor Relations Board ("NLRB"), which only the NLRB can provide, and which will be necessary to oppose motions for preliminary injunctions in both cases. Moreover, pursuant to a so-ordered stipulation in the NDNY Litigation, the Public Employment Relations Board ("PERB") is holding in abeyance any matters filed by private sector employees, employers, or labor unions that may implicate the NLRB's jurisdiction until a decision is rendered in the NDNY Litigation on the NLRB's preliminary injunction motion, removing any possible threat of irreparable harm to Amazon.com Services LLC ("Amazon"), Plaintiff in the instant action.[2] For

---

[1] Due to the imminent deadline to oppose Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (*see* ECF No. 17), Defendants submit this Letter Motion in lieu of a formal motion. Should the Court so require, Defendants request the opportunity to file a formal motion. On September 25, Defendants met and conferred with Plaintiff and requested that Plaintiff agree to stay this case, and Plaintiff declined.

[2] Because PERB has agreed to hold the current case filed against Amazon and any other cases that may be filed against Amazon in abeyance until the NDNY rules on the NLRB's preliminary injunction motion, Amazon's request for a temporary restraining order and preliminary injunction is unnecessary. Nonetheless, should the Court deny this Letter Motion and require briefing on

Hon. Eric R. Komitee
September 26, 2025
Page 2

these reasons, a stay of this action pending the resolution of the NLRB's imminent motion for a preliminary injunction would serve the interests of the parties, the Court, and the public.

**I.     A Stay is Appropriate Because There is a Concurrent, Parallel Federal Action.**

"A stay may be appropriate 'in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *Frank Brunkhorst Co., LLC v. Castellini*, No. 17 Civ. 2324, 2018 U.S. Dist. LEXIS 33826, at *9 (E.D.N.Y. Feb. 28, 2018) (quoting *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003)). "The degree to which two actions overlap is relevant to a court's determination of whether a stay is warranted; however, 'parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action.'" *Id.* (quoting *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991)).

The instant action is substantially similar to the earlier-filed NDNY litigation. Like the NLRB, Amazon seeks to enjoin the enforcement of the 2025 amendment to New York Labor Law Section 715(1)(b) and (2) (the "2025 Amendment") as preempted by the National Labor Relations Act. *See generally* ECF No. 1 ("Amazon Complaint"); <u>Exhibit A</u> ("NLRB Second Amended Complaint ('SAC')"). Both plaintiffs assert preemption claims under *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959) ("*Garmon* preemption") based on PERB's alleged incursion on the NLRB's jurisdiction over private-sector union matters. *Compare* Amazon Complaint ¶¶ 55-65; NLRB SAC, Claim for Relief. The NLRB's Second Amended Complaint also similarly includes allegations regarding the unfair labor practice charge against Amazon that has been filed at PERB. *Compare* Amazon Complaint ¶¶ 43-54; NLRB SAC ¶¶ 24-25.

Amazon also asserts a claim for preemption under *Local 76, International Association of Machinists and Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976) ("*Machinists* preemption").[3] But the overlap between the two actions need not be perfect for a stay to be warranted. *See Ajay Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14 Civ. 4020, 2018 U.S. Dist. LEXIS 171324, at *8-9 (E.D.N.Y. Sep. 28, 2018) (noting that "courts have found that claims in parallel proceedings need not track each other exactly to justify a stay" as long as they "arise from the same nucleus of facts or there exists significant overlap," and collecting cases) (quotations omitted).

---

Amazon's motion for a preliminary injunction, Defendants request an extension of sixty days after the Court's decision on this Letter Motion to file their opposition to Amazon's motion.

[3] While Amazon's Complaint repeatedly refers to *Machinists* preemption, *see id.*, ¶¶ 2, 4, 10, 24, 66-73, in addition to *Garmon* preemption, there is no specific factual allegation related to *Machinists* preemption, in contrast to *Garmon* preemption, which is allegedly implicated by the unfair labor practice charge filed with PERB by the Amazon Labor Union, *see id.*, ¶¶ 8-11, 43-54 and 61-65.

Hon. Eric R. Komitee
September 26, 2025
Page 3

## II. A Stay Would Serve the Interests of the Parties, the Court, and the Public.

A stay would serve the interests of the parties, the Court, and the public. "In determining whether a federal action should be stayed pending resolution of a concurrently pending action in another federal court, courts consider the following factors: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Bahl*, 2018 U.S. Dist. LEXIS 171324, at *3-4 (quoting *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015)). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

A. Plaintiff's Interests

A stay will not prejudice Amazon for two reasons:

*First*, PERB will hold in abeyance any matters filed by private sector employees, employers, or labor unions that may implicate the NLRB's jurisdiction, including the pending charge against Amazon, until a decision is rendered in the NDNY Litigation on the NLRB's preliminary injunction motion.[4] Accordingly, during the stay, Amazon would not be required to expend resources on any PERB matters or risk any adverse ruling in PERB.

*Second*, Defendants' requested stay would be brief – just until the NLRB's imminent motion for a preliminary injunction is decided. The court in the NDNY Litigation has so-ordered a briefing and expedited discovery schedule that ends on December 9. *See* Exhibit B (Order).[5] A brief stay of a few months will not prejudice Amazon. *See, e.g.*, *James v. Niagara-Wheatfield Cent. Sch. Dist.*, No. 21 Civ. 759, 2025 U.S. Dist. LEXIS 47181, at *3 (W.D.N.Y. Mar. 14, 2025) (granting a stay pending the resolution of a certiorari petition, when the Supreme Court's decision on the petition was likely to come a little over three months later); *Estate of Heiser v. Deutsche Bank Tr. Co. Ams.*, No. 11 Civ. 1608, 2012 U.S. Dist. LEXIS 96817, at *12 (S.D.N.Y. July 10, 2012) (granting a stay pending briefing in another case, when briefing would close two months later); *see also McCracken v. Verisma Sys.*, No. 14 Civ. 6248, 2018 U.S. Dist. LEXIS 152008, at *7 (W.D.N.Y. Sep. 6, 2018) ("[T]he fact delay will result from a stay does not, in and of itself, warrant denial of their motion. 'Because delay results inherently from the issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue

---

[4] To date, the charge against Amazon mentioned in its Complaint is the only private-sector charge that has been filed under PERB's expanded jurisdiction pursuant to the 2025 Amendment.

[5] While Amazon filed its motion first, it did not comply with the notice requirements in Federal Rule of Civil Procedure 65(b)(1)(B) and Local Rule 6.1(d). *See* ECF No. 17 (denying Amazon's motion for a temporary restraining order).

Hon. Eric R. Komitee
September 26, 2025
Page 4

prejudice and clear tactical disadvantage.'") (quoting *Nussbaum v. Diversified Consultants, Inc.*, No. 15 Civ. 600, 2015 U.S. Dist. LEXIS 129750, at *4-5 (D. N.J. Sept. 28, 2015)).

B. <u>Defendants' Interests</u>

The reason Defendants request to stay the instant action, as opposed to the NDNY Litigation, is that to oppose both preliminary injunction motions, Defendants seek discovery of information only in the NLRB's possession. The NLRB has agreed to permit this expedited discovery. *See* <u>Exhibit B</u>.

For background, Defendants will argue in opposition to both motions that there is an exception to *Garmon* preemption under the unique factual circumstances presented by the current state of the NLRB. Among other issues, the Board has lacked a quorum for eight months, since the removal of Board member Gwynne Wilcox,[6] and consequently has not been able to issue decisions or take certain other actions.[7]

A functioning Board is required for the NLRB to enforce the NLRA. "The Board bears the ultimate responsibility of determining whether an employer has committed an unfair labor practice." *Poor v. Amazon.com Servs. LLC*, 104 F.4th 433, 440 (2d Cir. 2024) (citing 29 U.S.C. § 160(a)-(c)). Indeed, if exceptions are filed to an Administrative Law Judge's decision, that decision can have no legal effect without Board review. *See* 29 C.F.R. § 102.48(b). And in representation cases in which the Board must decide whether to certify (or decertify) a union as bargaining representative for a unit of employees, the Board has authority to review and decide requests for review from decisions of its Regional Directors, *see* § 102.67-69; again, without a functioning Board, exercise of such authority is impossible.

This is relevant to *Garmon* preemption analysis, because *Garmon*'s analysis presupposes an NLRB that is actually able to enforce the law, and not just the existence of federal labor law. *See Garmon*, 359 U.S. at 242 ("[T]he unifying consideration of our [preemption] decisions has been regard to the fact that Congress has entrusted administration of the labor policy for the Nation to a centralized administrative agency, armed with its own procedures, and equipped with its specialized knowledge and cumulative experience[.]"). The Fourth Circuit's recent decision in *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293 (4th Cir. 2025) supports Defendants' argument by analogy. In *Owen*, the Fourth Circuit held that an administrative exhaustion requirement for certain claims by federal employees could be lifted based on a factual finding that the Office of Special Counsel and the Merit System Protection Board ("MSPB") were no

---

[6] *See* Michael J. Lebowich, et al., *In a Novel Move, President Trump Fires National Labor Relations Board Member and, following Biden precedent, the NLRB General Counsel*, https://natlawreview.com/article/breaking-novel-move-president-trump-fires-national-labor-relations-board-member-and (January 28, 2025).

[7] Defendants will argue that other facts also support an exception to preemption, including evolving case law regarding removal protections for Board members.

Hon. Eric R. Komitee
September 26, 2025
Page 5

longer functioning due to the lack of a quorum in the MSPB and the removal the Special Counsel. *See id.* at 304-05, 308.

Defendants will seek discovery about the concrete impact that the lack of a quorum has had on the NLRB's administration of the NLRA.[8] This discovery will not be extensive and is necessary to Defendants' opposition to Amazon's preliminary injunction motion, as well as in the NDNY Litigation. Only the NLRB can provide this information, and it has agreed to provide it in an expedited manner in the NDNY Litigation. Without this limited discovery, Defendants will be prejudiced in their defense.

Defendants recognize that Amazon disputes the factual claim that the absence of a quorum has disabled the NLRB. *See* ECF No. 14-1 at 20 ("As the NLRB's Acting General Counsel recently noted, the NLRB resolves more than 95 percent of its cases without board-level action, ensuring continuity even during periods of transition."). But this only highlights that the *Garmon* preemption issue in this case has a factual component; Defendants request the opportunity to obtain evidence to present their side of the relevant factual issues.

C. The Interests of the Court, the Public, and Third Parties

Defendants' interest in first resolving the preliminary injunction motion in the NDNY Litigation coincides with the interest of the Court, the public, employers, and employees in a factually informed, efficient resolution of this important preemption question.

Not only will discovery in the NDNY Litigation aid Defendants in presenting their defense; it will provide the benefit of the Northern District's analysis of the legal issues. Courts commonly "enter a stay pending the outcome of proceedings which bear upon the case." *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005); *see also Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*, 630 F. Supp. 2d 295, 305 (S.D.N.Y. 2009) (collecting cases).

Moreover, staying this case will serve judicial economy, both by conserving this Court's resources and by avoiding conflicting rulings in duplicative litigation. *See, e.g.*, *Specrite Design, LLC v. Elli N.Y. Design Corp.*, No. 16 Civ. 6154, 2017 U.S. Dist. LEXIS 113416, at *12 (S.D.N.Y. July 20, 2017) ("Courts grant stays where judicial efficiency will be promoted or the possibility of conflicts between different courts will be minimized."); *Richard K. v. United Behavioral Health*, No. 18 Civ. 6318, 2019 U.S. Dist. LEXIS 109901, at *24-25 (S.D.N.Y. June 28, 2019) (granting a stay to "avoid the additional burden on the courts following from maintaining 'duplicative proceedings, each having a different schedule'") (quoting *Finn v. Barney*, No. 08 Civ. 2975, 2008 U.S. Dist. LEXIS 101509, at *8 (S.D.N.Y. Dec. 8, 2008)); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 17 Civ. 5916, 2018 U.S. Dist.

---

[8] If the NLRB, during the pendency of this litigation, obtains a quorum through confirmation by the Senate of new members, the parties and the Court may need to evaluate the effect of that development and whether other facts nevertheless mean *Garmon* does not apply. Limited discovery would be valuable in that context as well.

5

Hon. Eric R. Komitee
September 26, 2025
Page 6

LEXIS 136387, at *9-10 (S.D.N.Y. Aug. 10, 2018) (determining that "a stay of proceedings pending resolution of the underlying litigation is the more efficient way to sequence resolution of these two related actions").

       The public, and particularly employers and employees awaiting the resolution of this preemption question, have the same interests as the Court in these respects. *See Estate of Heiser*, 2012 U.S. Dist. LEXIS 96817, at *15 ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary."); *Specrite Design*, 2017 U.S. Dist. LEXIS 113416, at *12 ("Generally, considerations of judicial economy are viewed as relevant to the public interest.").

       For these reasons, Defendants respectfully request a stay of this action until the decision on the NLRB's motion for a preliminary injunction is issued in the NDNY litigation.

                                Respectfully,

                                /s/ Young Woo Lee
                                Young Woo Lee
                                Assistant Attorney General
                                Labor Bureau
                                Office of the Attorney General of the
                                State of New York
                                28 Liberty Street, 15th Fl.
                                646-385-0421
                                Young.Lee@ag.ny.gov