UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br><br>v.<br><br>NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, *et al.*<br><br>Defendants. | Case No. 25-cv-5311-EK-MMH |

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

Amber M. Rogers*
HUNTON ANDREWS KURTH LLP
1455 Ross Avenue, Suite 3700
Dallas, Texas 75202
Tel: (214) 979-3000
Fax: (214) 880-0011
arogers@hunton.com

Kurt G. Larkin*
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8200
Fax: (804) 788-8218
klarkin@hunton.com

James J. La Rocca
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
jlarocca@hunton.com

*Attorneys for Plaintiff*

*admitted *pro hac vice*

## TABLE OF CONTENTS

Table of Authorities ............................................................................................................... ii

Argument ........................................................................................................................... 1

I.  The SERA Amendment is unconstitutional. ............................................................ 1

    A.  This Court lacks the power to create an exception to *Garmon*'s undisputed preemption of the SERA Amendment. ................................................................ 1

    B.  In any event, PERB's *Garmon* "exception" theory has no basis in law. ................ 2

        1.  PERB's theory contradicts *Garmon* and the NLRA. .................................. 2

        2.  PERB's theory rests on flawed premises. .................................................. 4

    C.  Even if adopted, PERB's "exception" would not save the SERA Amendment. ............................................................................................................ 5

    D.  PERB's judicial estoppel argument fails at every step. .......................................... 6

    E.  PERB's attacks on *Machinists* ignores the broad sweep of SERA. ....................... 8

    F.  The SERA Amendment is unconstitutionally vague. .............................................. 9

II.  PERB lacks the authority to turn irreparable harm on and off at will. ............................. 10

III.  Amazon and the public have a significant interest in swift resolution of this matter. ....... 10

Conclusion ....................................................................................................................... 10

Certificate of Service

Word Count Certification

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 78-80 St. Marks Place LLC*,
 648 B.R. 505 (S.D.N.Y. 2023) ....................................................................................................7

*Alexander v. Sutton*,
 747 F. Supp. 3d 520 (E.D.N.Y. 2024) .......................................................................................2

*Amazon.com Servs. LLC v. NLRB*,
 151 F.4th 221 (5th Cir. 2025) ....................................................................................................7

*Amazon.com Servs. LLC v. NLRB*,
 No. 2:24-cv-9564, 2025 WL 466262 (C.D. Cal. Feb. 5, 2025) .................................................7

*Cipollone v. Liggett Grp., Inc.*,
 505 U.S. 504 (1992) ...................................................................................................................5

*Grayned v. City of Rockford*,
 408 U.S. 104 (1972) ...................................................................................................................9

*Heartland Plymouth Court MI, LLC v. NLRB*,
 838 F.3d 16 (D.C. Cir. 2016) .....................................................................................................4

*John Wiley & Sons, Inc. v. DRK Photo*,
 882 F.3d 934 (2d Cir. 2018) ......................................................................................................3

*Kurt Weiss Greenhouses, Inc.*, No. CU-6850, 2025 WL 1724146, n. 13 (PERB
 ALJ May 2, 2025) ......................................................................................................................8

*Lallave v. Martinez*,
 609 F. Supp. 3d 164 (E.D.N.Y. 2022) .....................................................................................10

*Lia v. Saporito*,
 541 Fed. Appx. 71 (2d Cir. 2013) ..............................................................................................7

*Lodge 76 Int'l Ass'n of Machinists & Aerospace Workers v. Wis. Emp. Rels.
 Comm.*,
 427 U.S. 132 (1976) ...................................................................................................................8

*Marchi v. Bd. of Coop. Educ. Servs. of Albany*,
 173 F.3d 469 (2d Cir. 1999) ......................................................................................................9

*Metro. Transp. Auth. v. Duffy*,
 784 F. Supp. 3d 624 (S.D.N.Y. 2025) .....................................................................................10

*Murphy v. Nat'l Collegiate Athletic Ass'n,*
   584 U.S. 453, 480–81 (2018) ........................................................................................... 3

*Nat'l Coal. On Black Civic Participation v. Wohl,*
   No. 20-cv-8668 (VM), 2020 WL 6365336 (S.D.N.Y. Oct. 29, 2020) ............................ 10

*Nat'l Ass'n of Immigr. Judges v. Owen,*
   139 F.4th 293 (4th Cir. 2025) ........................................................................................... 3

*New Hampshire v. Maine,*
   532 U.S. 742 (2001) ......................................................................................................... 6

*NLRB v. Comm. of Interns & Residents,*
   566 F.2d 810 (2d Cir. 1977) ............................................................................................. 6

*NLRB v. New York,*
   No. 1:25-cv-0128 (N.D.N.Y.) ........................................................................................... 4

*Perez v. Greiner,*
   296 F.3d 123 (2d Cir. 2002) ............................................................................................. 2

*San Diego Bldg. Trades Council v. Garmon,*
   359 U.S. 236 (1959) ........................................................................... 1, 2, 3, 4, 5, 6, 8

*Scarano v. Cent. R. Co. of N.J.,*
   203 F.2d 510 (3d Cir. 1953) ............................................................................................. 7

*Thibodeau v. Portuondo,*
   486 F.3d 61 (2d Cir. 2007) ............................................................................................... 9

*Tweed-New Haven Airport Auth. v. Tong,*
   930 F.3d 65 (2d Cir. 2019) ............................................................................................... 5

*United States v. Coonan,*
   143 F.4th 119 (2d Cir. 2025) ........................................................................................... 5

*United States v. Texas,*
   144 S. Ct. 797 (2024) ....................................................................................................... 7

**Statutes**

29 U.S.C. § 160(a) ................................................................................................................ 5, 6

29 U.S.C. § 164(c) ................................................................................................................ 5, 6

N.Y. Lab. Law § 702-a(1) ......................................................................................................... 8

N.Y. Lab. Law § 704(10) .......................................................................................................... 8

N.Y. Lab. Law § 715 ........................................................................................................1, 5, 9

# ARGUMENT

This case is simple. New York's SERA Amendment, N.Y. Lab. Law § 715, does exactly what *Garmon* forbids: it purports to displace entirely the National Labor Relations Act (NLRA) in favor of state regulation of labor relations in New York. In fact, PERB effectively concedes the point by asking this Court to invent an exception to *Garmon* that no court has ever recognized and that this Court is powerless to create. On this basis alone, Amazon is likely to succeed on the merits. But even if this Court were to entertain PERB's invitation to contradict controlling Supreme Court precedent, Amazon is still likely to succeed for the other reasons discussed below.

The other preliminary injunction factors cut in favor of Amazon, too. Regarding irreparable harm in particular, PERB cannot eliminate the obvious harm of dueling regulatory regimes by pressing pause on its own enforcement. The pause simply means that PERB is not processing SERA charges *at this time*; it does not relieve Amazon from having to comply with both SERA and the NLRA in the meantime. PERB has not promised that when it turns enforcement back on again, it won't hold Amazon responsible for alleged violations of SERA in these intervening months.

The Court should grant Amazon's motion for preliminary injunction.

**I.    The SERA Amendment is unconstitutional.**

    **A.    This Court lacks the power to create an exception to *Garmon*'s undisputed preemption of the SERA Amendment.**

*Garmon* preemption alone resolves this case. For more than six decades, the Supreme Court has held that state law is displaced when it regulates activity that the NLRA protects, prohibits, or even arguably reaches. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). Yet that is exactly what PERB admits New York has done here. *See* PERB Br. at 21 (admitting that "the NLRA and SERA regulate the same subject matter").

Indeed, PERB does not contest that the SERA Amendment is preempted under the law as it exists. Instead, PERB seeks "a proposed *Garmon* exception" that no court has recognized. PERB Br. at 11. And the ALU goes further, urging this Court to end *Garmon* altogether, calling the doctrine "no longer tenable." ALU Br. at 12.

But this Court lacks the power to give PERB and the ALU the novel exception they admit they need. "Unless and until the Supreme Court overrules or limits [*Garmon*]," this Court is "bound to follow it." *Perez v. Greiner*, 296 F.3d 123, 125 n.4 (2d Cir. 2002). Because Amazon need only show a likelihood of success on one of its claims, application of *Garmon* alone warrants an injunction. *See Alexander v. Sutton*, 747 F. Supp. 3d 520, 542 (E.D.N.Y. 2024).

### B.  In any event, PERB's *Garmon* "exception" theory has no basis in law.

PERB's proposed exception to *Garmon* hinges on three premises: (i) *Garmon* is inapplicable when the NLRB has no quorum; (ii) alleged disuniformity in federal labor regulation allows states to step in; and (iii) the NLRB may soon lose its "independence" if the Supreme Court decides NLRB members may be removed by the President at will. PERB Br. at 11. PERB's argument fails categorically for two independent reasons: (1) it finds no basis in *Garmon* or the NLRA; and (2) its factual premises are flawed. Thus, even if this Court were to consider it, PERB's appeal to the NLRB's functional capability, uniformity, and independence lacks merit.

#### 1.  PERB's theory contradicts *Garmon* and the NLRA.

For starters, *Garmon* itself forecloses PERB's proposed exception, as the decision makes clear that preemption exists even where the NLRB does nothing. The Supreme Court squarely held that "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by" §§ 7 or 8 of the NLRA, "state jurisdiction must yield" unless the NLRB affirmatively "decide[s] that an activity is neither protected nor prohibited." *Garmon*, 359 U.S. at 244–45. That limited circumstance *alone* "raise[s] the question whether such activity may be

2

regulated by the States." *Id.* at 245. Nothing else—not even the NLRB's "failure . . . to assume jurisdiction"—"give[s] the States the power to act." *Id.* at 246. That is why even conduct "arguably subject to § 7 or § 8" is presumed to be off limits to state regulation. *Id.* at 245. As the *Garmon* Court said, "[t]he governing consideration is that to allow the States to control activities that are *potentially subject to federal regulation* involves too great a danger of conflict with national labor policy." *Id.* at 246 (emphasis added). This sweeping preemption—where the states are out unless the NLRB affirmatively invites them in—simply cannot be squared with PERB's suggestion that *Garmon* preemption turns off when the NLRB is not working the way PERB prefers.

Nor does anything in the NLRA support PERB's theory. As PERB acknowledges, § 14(c) provides a formal mechanism for the NLRB to cede jurisdiction to the states. This provision only confirms that states have no business regulating within the scope of the NLRA unless and until the NLRB affirmatively gives them permission to—which, to be clear, has not happened here.[1] In a footnote, PERB baldly asserts that § 14(c) does not apply when the NLRB ceases to function. PERB Br. at 13 n.8. But its argument cannot be squared with the longstanding principle of statutory interpretation that where Congress provides one specific means for doing something, it has impliedly excluded all others. *See John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 405 (2d Cir. 2018).[2]

The litany of practical questions raised by PERB's novel theory only further underscores its lack of legal merit. Who decides under PERB's theory when the NLRB is "ineffective"? When

---

[1] To the contrary, the NLRB has asserted jurisdiction over the same conduct that is the subject of the PERB charge in this case, which supports, at minimum, that the SERA Amendment is preempted as applied to Amazon in the specific circumstances here. *See* Compl. ¶¶ 43–54, 60–65; Amazon Op. Br. at 17.

[2] The Fourth Circuit's decision in *National Association of Immigration Judges v. Owen*, 139 F.4th 293 (4th Cir. 2025), is irrelevant. *Owen* concerned whether Congress required parties to channel claims through an agency review scheme before going to federal court. *Id.* at 303–304. That is a jurisdictional question about the proper forum—not a preemption case. Similarly, the ALU's reliance on *Murphy* is misplaced. Unlike here, in that case there was "no way in which [the statute at issue could] be understood as a regulation of private actors" as opposed to a "direct command to the States." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 480–81 (2018).

3

does the Board's effectiveness return? Does a temporary lapse in the NLRB's quorum trigger state takeover, and then flip back when the quorum is restored? How much disuniformity is enough to justify state intervention, and who gets to decide? Does preemption hinge on each political development that touches NLRB members' tenure or perceived agency independence? Would states regain jurisdiction every time a court entertains a constitutional challenge to the NLRB? These questions are not answerable, much less administrable in a way that would not render preemption in the labor relations context effectively dead letter.

### 2. PERB's theory rests on flawed premises.

A second, independent problem with PERB's theory is that its premises are faulty. To begin with, the NLRB continues to operate and enforce the NLRA even without a quorum, as the agency's parallel suit to enjoin the SERA Amendment confirms.[3] Furthermore, disuniformity in interpretations of the NLRA is not new, as PERB admits (at 22 n.15), and circuit splits have never weakened federal preemption. The NLRB's "general policy of flouting any circuit's NLRA interpretation with which the [NLRB] disagrees" means circuit-specific decisions do not unravel national labor law. *Heartland Plymouth Court MI, LLC v. NLRB*, 838 F.3d 16, 20–21 (D.C. Cir. 2016) (describing the NLRB's policy of "nonacquiescence"). The idea that a temporary injunction issued in the Fifth Circuit gives New York a green light to disregard *Garmon* is absurd. That would mean *Garmon* preemption rises and falls with each federal court decision.

Finally, PERB never explains why "independence" *vis-à-vis* removal protections bears on preemption at all. Many federal agencies lack such insulation, but that does not open their regulatory domains to the states. The FAA Administrator, for example, serves at the President's pleasure, but no one thinks states can start regulating air safety when they disagree with federal

---

[3] *See NLRB v. New York*, No. 1:25-cv-0128 (N.D.N.Y.) ECF No. 20-2 ¶¶ 4-9 (describing, through sworn declaration of NLRB Acting General Counsel, how NLRB continues to function effectively without quorum).

policy. *See Tweed-New Haven Airport Auth. v. Tong*, 930 F.3d 65, 74 (2d Cir. 2019) (noting federal law "preempts the entire 'field of air safety'"). PERB's independence musings are not a legal argument—they are a policy dispute from another legal arena irrelevant to preemption.

      **C.**      **Even if adopted, PERB's "exception" would not save the SERA Amendment.**

Two final hurdles confront PERB even if this Court were to adopt PERB's proposed exception.

First, nothing in the SERA Amendment conditions PERB's jurisdiction on any finding of the NLRB's functional capability, its uniform application of federal labor law, or its "independence" from the Executive Branch. Instead, the Amendment displaces the NLRA categorically—*at all times*—regardless of the NLRB's quorum, the state of federal labor law, or the status of the NLRB's independence. The statute grants PERB that blanket authority to intrude on the NLRA's domain unless and until the NLRB "successfully asserts jurisdiction . . . pursuant to an order by [a] federal district court" in a particular case. N.Y. Lab. Law § 715(1)(b). PERB's policy rationales for its exception to *Garmon* are therefore untethered from the text of the Amendment—*post hoc* inventions that courts have no license to adopt. *See United States v. Coonan*, 143 F.4th 119, 127 (2d Cir. 2025).

Second, even if this Court were to invent a new *Garmon* exception, the SERA Amendment must avoid creating conflicting obligations or frustrating the federal scheme. Beyond the labor-law-specific rule of *Garmon*, federal law also displaces state law through conflict preemption, which applies more broadly. *See Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992). The SERA Amendment directly regulates conduct Congress placed within the NLRA's exclusive domain, creating parallel and at times conflicting state-law obligations. Congress expressly entrusted the NLRB with authority to interpret and enforce labor law for interstate employers, allowing state involvement only in narrowly defined circumstances. *See* 29 U.S.C. §§ 160(a),

5

164(c). The SERA Amendment frustrates that federal scheme, rendering it fundamentally incompatible with Congress's unmistakable intent for a uniform national labor policy. *See, e.g., NLRB v. Comm. of Interns & Residents*, 566 F.2d 810, 814–16 (2d Cir. 1977). Thus, irrespective of *Garmon*, the SERA Amendment would still be preempted under the Supremacy Clause.

### D. PERB's judicial estoppel argument fails at every step.

In an effort to shore up its baseless constitutional arguments, PERB invokes judicial estoppel. But that doctrine has no application here. Judicial estoppel applies only when a party (1) adopts a legal position in one proceeding, (2) persuades a court to accept that position, and (3) then assumes a clearly inconsistent position to the prejudice of the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). PERB cannot satisfy any of these elements.

First, Amazon has not taken inconsistent positions. PERB asserts that "Amazon's position here is the opposite of its position in the Fifth Circuit," misleadingly suggesting Amazon challenged the NLRB's "authority to act" writ large. PERB Br. at 18. In truth, Amazon's arguments in the Fifth Circuit are narrowly constitutional and raised in the context of a specific ULP proceeding.[4] Specifically, Amazon argues that: (1) NLRB members are unconstitutionally insulated from removal, so the court should halt the ULP proceeding until those removal provisions are excised from the NLRA; (2) the NLRB's pursuit of consequential damages in the proceeding violates the Seventh Amendment, so the court should prohibit the NLRB from considering them; and (3) NLRB members are poised to violate Amazon's constitutional rights by sitting in judgment of their own objectionable misconduct, so the court should enjoin NLRB members who engaged

---

[4] The ULP proceeding at issue in the Fifth Circuit involves Amazon's "technical refusal to bargain" with the ALU based on the Amazon's challenges to the union election at Amazon's JFK8 facility in Staten Island. That case is unrelated to the charges at issue here, which were brought to the NLRB and PERB by the ALU on behalf of Brima Sylla regarding his discipline and termination from JFK8.

6

in that objectionable behavior from deciding Amazon's objections. *See* PERB Br. Exs. E-1, E-2. Amazon has *never* challenged the NLRB's existence or its jurisdiction to administer the NLRA.

Second, Amazon has not yet "succeeded" in persuading the Fifth Circuit to accept its arguments (not that it would matter, for the reasons above). Neither the district court nor the Fifth Circuit reached the merits of Amazon's case. When the district court did not issue a decision on the requested injunction within certain deadlines, Amazon took an appeal to the Fifth Circuit under that court's effective-denial precedent. The Fifth Circuit panel dismissed the appeal for lack of jurisdiction. *See Amazon.com Servs. LLC v. NLRB*, 151 F.4th 221, 224–26, 229 (5th Cir. 2025).

The alleged "success" seized on by PERB is a temporary administrative stay of the NLRB proceedings when the Fifth Circuit docketed Amazon's appeal. *Amazon.com Servs. LLC v. NLRB*, No. 24-50761 (5th Cir. Sept. 30, 2024), Dkt. No. 46. That is not "success" that earns judicial estoppel. "Administrative stays do not typically reflect the court's consideration of the merits of the stay application." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). Indeed, courts typically issue administrative stays before there is a chance to meaningfully consider the merits—they simply "buy[] the court time to deliberate." *Id.* None of the cases PERB cites—all of which bear in some way on the merits—bear any resemblance to this one. *See, e.g., Lia v. Saporito*, 541 Fed. Appx. 71 (2d Cir. 2013); *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510 (3d Cir. 1953); *In re 78-80 St. Marks Place LLC*, 648 B.R. 505 (S.D.N.Y. 2023).[5]

Third, PERB identifies no prejudice stemming from any supposed inconsistency. PERB is not a party in Amazon's Fifth Circuit case and nothing about its arguments there induced reliance

---

[5] The Central District of California case identified by PERB and the ALU is even less relevant. In that case—where the ALU intervened using the same counsel representing it here—the district court denied Amazon's request for an injunction. *See Amazon.com Servs. LLC v. NLRB*, No. 2:24-cv-9564, 2025 WL 466262, at *8 (C.D. Cal. Feb. 5, 2025). No part of that decision could be construed as "adopt[ing] Amazon's arguments." ALU Br. at 18.

7

or created any prejudice to PERB here. None of the cases PERB cites involved a jurisdictional dismissal, non-party reliance, or any comparable facts.

### E. PERB's attacks on *Machinists* ignores the broad sweep of SERA.

The SERA Amendment is also facially preempted under *Lodge 76, International Association of Machinists & Aerospace Workers v. Wisconsin Employment Relations Committee*, 427 U.S. 132 (1976). *Machinists* preemption reinforces Amazon's *Garmon* claim: if SERA duplicates or contradicts federal law, then it is preempted under *Garmon*; if it regulates conduct that Congress intended to leave unregulated, then it is preempted under *Machinists*. Amazon gave several examples, including SERA's omission of protection for employer speech and its authorization for the state to "effect" the resolution of collective bargaining negotiations. N.Y. Lab. Law §§ 702-a(1), 704(10).[6] These are not isolated defects; they reflect a conflict between what New York and Congress, respectively, would make subject to regulation and what they would leave to the free play of economic forces to sort out. That conflict is what *Machinists* prevents.

PERB and the ALU argue that Amazon lacks standing to challenge provisions that go beyond its *Garmon* arguments. Not so. Amazon's *Machinists* claim is part of its facial challenge on the SERA Amendment, not a freestanding attack on isolated provisions. Amazon is already subject to SERA because of the pending PERB charge. Every day a dual regime exists, Amazon must account for its behavior in ways federal law does not require. That ongoing injury establishes standing. And even if the Court viewed *Machinists* as targeting discrete provisions, the injury is

---

[6] PERB unpersuasively attempts to explain away these areas by claiming SERA's speech protections mirror the NLRA's, but its precedent proves otherwise. In *Gorton Coy*, New York found speech lawful under the NLRA to be unlawful under SERA. *See* PERB Br. Ex. I-3 at 5-6. PERB has recently reaffirmed its freedom to diverge from federal precedent. *See Kurt Weiss Greenhouses, Inc.*, No. CU-6850, 2025 WL 1724146, n. 13 (PERB ALJ May 2, 2025). And labeling mediation "voluntary" does not change that it injects state power into the bargaining process and tilts leverage—precisely what *Machinists* forbids. But in the end, even if these provisions mirror the NLRA, that simply walks PERB back into *Garmon* preemption.

8

still concrete. Amazon is chilled from engaging in noncoercive speech and faces the prospect of government and union conduct that federal law forbids. Those are present, not hypothetical, harms.

### F. The SERA Amendment is unconstitutionally vague.

PERB's vagueness defense is as thin as the statute it hopes to save. It devotes just four sentences to the issue, betraying that it has no real answer. The SERA Amendment is a standardless delegation based on criteria that deny fair notice and invite arbitrary enforcement. That is the heart of vagueness doctrine. *Grayned v. City of Rockford*, 408 U.S. 104, 108–109 (1972).

PERB argues the trigger for NLRB jurisdiction is clearly written into the statute. *See* N.Y. Lab. Law § 715 (withdrawing application of SERA when the NLRB has "successfully asserted jurisdiction . . . pursuant to an order by [a] federal district court"). But due process requires that employers be able to tell *ex ante* which sovereign's rules govern their conduct. *See Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007). Here, that determination turns on whether, when, and how the NLRB chooses to act in separate litigation—a factor wholly outside the employer's knowledge or control. Because the statute effectively delegates the notice and clarity the Constitution demands to the discretionary action of a third party, regulated entities "must guess" which legal regime applies at any given moment. *Marchi v. Bd. of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 480 (2d Cir. 1999). That is not a defense—it is further proof of vagueness.

PERB's standing argument fails for this very reason. Amazon is in the horns of an administrative process that did not even exist when Sylla's employment was terminated in August 2025. The lack of notice to Amazon is self-evident.[7]

---

[7] Neither PERB nor the ALU address the other vague provisions Amazon identified. Amazon Op. Br. at 19 (identifying specific ambiguities in SERA, which apply to Amazon through the SERA Amendment).

9

**II.      PERB lacks the authority to turn irreparable harm on and off at will.**

PERB insists Amazon faces no irreparable harm because it has (for now) paused enforcement. PERB Br. at 24. But Amazon is still subject to overlapping NLRA and SERA obligations. *See* Amazon Op. Br. at 7–8. PERB's pause is voluntary, temporary, and reversible. New SERA charges can be filed at any time, and PERB expressly reserves the right to revive enforcement. That ongoing exposure alone is irreparable harm. *See id.*

Voluntary cessation cases are informative to the extent PERB is claiming it can "moot" Amazon's injury. Under that caselaw, PERB bears a "heavy burden" to show that its enforcement will not recur and its effects are eradicated. *See Lallave v. Martinez*, 609 F. Supp. 3d 164, 176–77 (E.D.N.Y. 2022). PERB has not made that showing here, and courts routinely reject such attempts to toggle enforcement on and off. *See, e.g.*, *Metro. Transp. Auth. v. Duffy*, 784 F. Supp. 3d 624, 695 (S.D.N.Y. 2025) (deeming "shifting deadlines" insufficient to negate irreparable harm).

**III.     Amazon and the public have a significant interest in swift resolution of this matter.**

Finally, a swift resolution here benefits everyone. Amazon Op. Br. at 20–21. Leaving the SERA Amendment in limbo prolongs uncertainty for employers, employees, and unions, and risks conflicting state and federal obligations during that time. The public has a compelling interest in ensuring that unconstitutional laws are promptly enjoined. Courts routinely recognize that immediate resolution serves the public interest when ongoing uncertainty chills lawful conduct and burdens judicial and administrative resources. *See, e.g., Nat'l Coal. On Black Civic Participation v. Wohl*, No. 20-cv-8668 (VM), 2020 WL 6365336, at *5 (S.D.N.Y. Oct. 29, 2020).

## CONCLUSION

For the foregoing reasons, and for the reasons given in Amazon's opening brief, the Court should grant Amazon's motion for a preliminary injunction.

| | |
|---|---|
| DATED: New York, New York<br>October 22, 2025 | Respectfully submitted,<br><br>By: */s/ James J. La Rocca* |
| Amber M. Rogers*<br>HUNTON ANDREWS KURTH LLP<br>1455 Ross Avenue, Suite 3700<br>Dallas, Texas 75202<br>Tel: (214) 979-3000<br>Fax: (214) 880-0011<br>arogers@hunton.com | James J. La Rocca<br>HUNTON ANDREWS KURTH LLP<br>200 Park Avenue, 52nd Floor<br>New York, New York 10166<br>Tel: (212) 309-1000<br>Fax: (212) 309-1100<br>jlarocca@hunton.com |

Kurt G. Larkin*
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8200
Fax: (804) 788-8218
klarkin@hunton.com

*Attorneys for Plaintiff*

*admitted *pro hac vice*

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, I caused a true and correct copy of the foregoing to be served upon all counsel of record, by filing same on the Court's CM/ECF system.

                                                  */s/ James J. La Rocca*
                                                  James J. La Rocca

**WORD COUNT CERTIFICATION**

      I hereby certify that this brief complies with the word count limitations as set forth in Local Rule 7.1(c) of the United States District Court for the Eastern District of New York. In determining compliance, I relied on the word count function of the word processing system used to prepare this document. The total number of words in this brief, exclusive of the table of contents, table of authorities, caption, and signature block is 3,497 words.

      */s/ James J. La Rocca*
      James J. La Rocca