```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------

AMAZON.COM SERVICES LLC,

                Plaintiff,            MEMORANDUM & ORDER
                                      25-CV-5311(EK)(MMH)
        -against-

NEW YORK STATE PUBLIC EMPLOYMENT
RELATIONS BOARD et al.,

                Defendants,

        -and-

AMAZON LABOR UNION NO. 1
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

                Defendant-Intervenor.

-------------------------------------
```

ERIC KOMITEE, United States District Judge:

In September 2025, New York amended its State Employment Relations Act.  *See* S. 8034-A, 2025-2026 Legis. Session (N.Y. 2025) (enacted).  The amendment extended the state law's coverage to entities like the plaintiff — Amazon.com Services LLC — whose labor relations had previously been subject only to federal oversight.  Amazon filed suit, arguing that the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, preempts the state's newly conferred oversight powers.

Amazon now seeks to enjoin any enforcement of the amendment.  For the following reasons, the motion for a preliminary injunction is granted.

## I.   Background

The Court draws the following facts from the complaint and the parties' declarations and exhibits.  *See Real Est. Bd. of N.Y., Inc. v. City of New York*, 786 F. Supp. 3d 788, 815 (S.D.N.Y. 2025) ("In deciding a motion for preliminary injunction, a court may consider the entire record . . . .").[1]  All facts discussed herein are undisputed unless otherwise noted.  *See Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) (party seeking preliminary injunction "is not entitled to have the court accept its untested representations as true if they are disputed").

**A.   The NLRA and SERA**

The National Labor Relations Act ("NLRA") is "a comprehensive code passed by Congress to regulate labor relations in activities affecting interstate and foreign commerce."  *Nash v. Fla. Indus. Comm'n*, 389 U.S. 235, 238 (1967).  Specifically, the NLRA guarantees employees the right to self-organize, collectively bargain, engage in concerted activities, and refrain from all such activities.  29 U.S.C.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

§ 157.  The NLRA also prohibits both employers and labor organizations from engaging in unfair labor practices.  *Id.* § 158.  The National Labor Relations Board ("NLRB") has exclusive jurisdiction to administer the NLRA.  *See Wis. Dep't of Indus., Lab. & Hum. Rels. v. Gould Inc.*, 475 U.S. 282, 291 (1986) (NLRA enforcement is "a role Congress reserved exclusively for the [NLRB].").

Historically, the New York State Employment Relations Act ("SERA") provided similar protections to laborers who were not covered by the NLRA — such as, agricultural workers and non-employee contractors.  Compl. ¶ 26, ECF No. 1.  And the State Public Employment Relations Board ("PERB") served as a state analogue to the NLRB.  *Id.* ¶ 27.  But SERA "expressly excluded from [the] PERB's jurisdiction employees covered by the NLRA."  *Id.* ¶ 26; N.Y. Lab. Law § 715 (McKinney 1968) ("The provisions of this article shall not apply to: (1) employees . . . protected by the provisions of the [NLRA] . . . .").

B.  **The SERA Amendment**

On September 5, 2025, New York enacted the SERA Amendment, which eliminated SERA's exception for "employees . . . protected by the provisions of the [NLRA]."  Compl. ¶ 28; S. 8034-A (N.Y. 2025), ECF No. 1-1.[2]  Instead, SERA now

---

[2] Page numbers in citations to record documents other than briefs refer to ECF pagination.

3

presumptively applies to NLRA-covered employees. The only exception it allows is for cases in which the NLRB "successfully asserts jurisdiction over any employer, employees, trades, or industries pursuant to an order by the federal district court." *Id.* Upon signing the bill into law, Governor Hochul explained that — in her view — "the Trump administration has failed to prioritize a strong [NLRB]"; PERB Chair Connick (a defendant here) added that the "PERB stands ready to fill the void." *Id.* ¶ 28 n.2 (citing Press Release, Office of the Governor (Sep. 6, 2025).[3]

As a result of the SERA Amendment, parallel provisions of SERA and the NLRA now apply to many of the same employees. *See id.* ¶ 32 (comparing SERA and NLRA definitions of "an unfair labor practice"). Amazon also contends, though the state disputes, that SERA and the NLRA "diverge[] in critical respects," meaning certain employers are subject to conflicting requirements. *Compare id.* ¶¶ 37-42 (describing differences in the two statutes), *with* Defs.' PI Opp'n 20-22, ECF No. 30 (citing PERB case law interpreting SERA "consistently with the NLRA").

---

[3] Available at https://www.governor.ny.gov/news/governor-hochul-signs-legislation-strengthen-and-expand-worker-and-labor-protections (last accessed November 25, 2025).

4

**C.     The JFK8 Charge**

On September 15, the Amazon Labor Union No. 1 International Brotherhood of Teamsters ("ALU") filed a charge with the PERB alleging unfair labor practices at Amazon's JFK8 fulfillment center on Staten Island (the "JFK8 Charge").  ECF No. 1-2.  Specifically, the ALU alleges that its vice president, Brima Sylla, was pretextually disciplined for "low productivity" and ultimately fired, all in retaliation for his union activities.  *Id.* at 8-9.  The PERB served the JFK8 Charge on Amazon on September 17 and issued a notice of conference for October 13.  La Rocca Decl. ¶ 5, ECF No. 14-2; Notice of Conference, ECF No. 1-3.  At the time the ALU filed the JFK8 Charge, substantially similar charges were already pending before the NLRB.  Compl. ¶¶ 48-49.

**D.     The Instant Action**

Following receipt of the JFK8 Charge, Amazon filed this action.  The company alleges that the SERA Amendment is (1) facially unconstitutional because it is preempted by the NLRA as determined in the Supreme Court's decisions in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) and *Lodge 76, International Association of Machinists and Aerospace Workers v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976); (2) unconstitutional as applied to Amazon under *Garmon*; and (3) facially unconstitutional because it violates

5

the Due Process Clause's fair-notice requirement.  Compl. ¶¶ 55-82.

On September 23, Amazon filed a motion for a temporary restraining order ("TRO") and eventual preliminary injunction, which would enjoin Defendants from enforcing SERA against employers or employees covered by the NLRA.[4]  ECF No. 14.  The Honorable Orelia E. Merchant, acting as the Miscellaneous Duty Judge, denied Amazon's motion for a TRO the same day.[5]  ECF No. 17.  However, in a parallel action pending in Albany, New York, the Honorable Glenn T. Suddaby granted an administrative stay of any matters brought before the PERB that may implicate the NLRB's jurisdiction, pending resolution of a motion for a preliminary injunction in that case.  Order, *NLRB v. State of New York*, No. 25-CV-1283 (N.D.N.Y. Sep. 26, 2025), Dkt. No. 16.

The ALU then moved to intervene, ECF No. 26, and the Court granted that motion.  *See* Order Granting ALU's Motion to Intervene, Docket Order dated Oct. 22, 2025.

## II.  Motion for a Preliminary Injunction

A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a

---

[4] Amazon's proposed order, ECF No. 14, also requests that the Court "declar[e]" the SERA Amendment unconstitutional.  But Amazon has since made clear that it is not seeking "a preliminary declaratory judgment."  Amazon's Suppl. Letter-Br. 6, ECF No. 47.
[5] Judge Merchant concluded that Amazon had not met the "stringent" requirements for an *ex parte* TRO.  ECF No. 17, at 2.

likelihood of irreparable harm absent relief; (3) that the balance of equities supports an injunction; and (4) that the public interest favors an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party to a lawsuit, the final two factors merge. *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58-59 (2d Cir. 2020).

**A.  Amazon Is Likely to Succeed on the Merits of its Preemption Claim**

The Supremacy Clause establishes that federal law is the "supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. "This means that when federal and state law conflict, federal law prevails and state law is preempted." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 471 (2018). Here, Amazon has established that the SERA Amendment is likely preempted by the NLRA, as determined in *Garmon* and its progeny.

In *Garmon*, the Supreme Court held that "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB]." 359 U.S. at 245. This rule "prevents States not only from setting forth standards of conduct inconsistent with the substantive requirements of the NLRA, but also from providing their own *regulatory or judicial*

7

*remedies* for conduct prohibited or arguably prohibited by the Act." *Gould*, 475 U.S. at 286 (emphasis added).

In *Garmon*, Justice Frankfurter justified the broad preemption in this arena:

> When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law.

*Garmon*, 359 U.S. at 244.

Here, no party disputes that SERA, as amended, covers activity that is also subject to Sections 7 and 8 of the NLRA. Instead, the state argues that "historically unique circumstances justify exceptions to *Garmon* preemption here." Defs.' PI Opp'n 11. It points to two circumstances in particular: the current lack of a quorum at the NLRB and the perceived threat to the board members' for-cause removal protection.

The obvious problem is that the Supreme Court's clear pronouncements include no "unique circumstances" exception. And lower courts "cannot and will not invent an exception to Supreme Court doctrine." *U.S. ex rel. Best v. Barbarotta*, No. 12-CV-

8

6218, 2013 WL 308972, at *2 (E.D.N.Y. Jan. 25, 2013).[6] Moreover, even if we could, the "circumstances" the state points to here have not (yet) come to fruition.

***First***, the reasoning of *Garmon* itself precludes reliance on the NLRB's loss of a quorum. That case highlighted the need for exclusive federal *procedures* as well as the exclusive application of federal substantive law. The Court invoked Congress's creation of "a centralized administrative agency" — the NLRB — "armed with its own procedures," 359 U.S. at 242; *see also id.* at 242-43 ("Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures . . . .").

The quorum requirement is precisely one such procedure. And when Congress mandated a quorum, it obviously envisioned the possibility that the NLRB might lack one from time to time, thus inhibiting action.[7] In this instance,

---

[6] Two Justices have expressed some interest in curtailing *Garmon*'s reach. *See Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 785 (2023) (Thomas & Gorsuch, JJ., concurring in the judgment). Still, district courts are bound to follow *Garmon* "[u]ntil and unless the Supreme Court itself overrules or limits" it. *Perez v. Greiner*, 296 F.3d 123, 125 n.4 (2d Cir. 2002).

[7] At a more general level, *Garmon* makes clear that even the NLRB's explicit refusal to act — with or without a quorum — is not a basis for the state to exercise power. In *Garmon* itself, the NLRB "had declined to exercise its jurisdiction," and yet the state courts of California were still precluded from acting. 359 U.S. at 238. This observation may be complicated

9

moreover, the state has provided no basis to conclude that the lack of a quorum will endure indefinitely. *See, e.g.*, Daniel Wiessner, *US Senate Panel Approves Two Trump NLRB Nominees, Tables a Third*," Reuters (Oct. 9, 2025).[8]

**Second**, while the Supreme Court's recent decision in *Trump v. Wilcox*, 145 S. Ct. 1415 (2025), may indicate that for-cause removal protections' days are numbered, the Supreme Court has repeatedly cautioned that lower courts should respect its "prerogative of overruling its own decisions." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023).[9]

The state and the ALU make two further arguments that merit only passing discussion. **First**, the state contends that Amazon should be judicially estopped from relying on *Garmon* because Amazon previously won an administrative stay of certain NLRB proceedings in the Fifth Circuit on a finding that the agency's exercise of jurisdiction was likely unconstitutional.

---

— slightly — by a later amendment to the NLRA: in 1959, Congress amended the statute to permit states to assume jurisdiction over labor disputes when the NLRB "by rule of decision or by published rules" declines jurisdiction because "the effect of such labor dispute on commerce is not sufficiently substantial."  29 U.S.C. § 164(c)(1) (1959).  There has been no such declination here, notwithstanding the State's argument to the contrary. Defs.' Suppl. Letter-Br. 2-3.  In point of fact, the NLRB has affirmatively sought to *protect* its jurisdiction from the PERB.  *See generally NLRB v. State of New York*, No. 25-CV-1283 (N.D.N.Y. Sep. 26, 2025) (challenging the SERA Amendment).

[8] Available at https://www.reuters.com/legal/government/us-senate-panel-approves-two-trump-nlrb-nominees-tables-third-2025-10-09 (last accessed Nov. 25, 2025).

[9] The Fifth Circuit's issuance of a preliminary injunction finding that removal protections for NLRB members and ALJs are likely unconstitutional, *see* Defs.' PI Opp'n 15, is even less predictive, and certainly has not "ended the uniform administration of the NLRA."  *Id.*

10

*See* Defs.' PI Opp'n 17-19.  But judicial estoppel only applies when, among other things, there exists "a true inconsistency between the statements in the two proceedings." *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72-73 (2d Cir. 1997).  In the prior action, Amazon argued that NLRB members are unconstitutionally insulated from removal.  *See* Ex. E – W.D. Tex. / 5th Cir. Filings and Orders 30, ECF No. 30-6.  Here, Amazon argues that the SERA Amendment is preempted by the NLRA.  The two positions are not in direct contradiction.

**Second**, the ALU asserts that "permitting *Garmon* preemption when the [NLRB] cannot meaningfully regulate runs afoul of modern-day 10th Amendment doctrine under *Murphy v. Nat'l Collegiate Athletic Ass'n*."  Proposed Br. of Proposed Intervenor ALU in Opp'n to Prelim. Inj. 2 ("ALU PI Opp'n"), ECF No. 31-1.  *Murphy* is inapposite.  The law at issue in that case could not be understood "as anything other than a direct command to the States," meaning it was not a valid form of preemption.  584 U.S. at 479-80.  No such command exists here.

Because the Court finds that Amazon is likely to succeed on its claim that the SERA Amendment is preempted under *Garmon*, we need not reach Amazon's *Machinists* and void-for-vagueness arguments.  *See Three Affiliated Tribes of Fort Berthold Rsrv. v. Wold Eng'g, P.C.*, 467 U.S. 138, 157 (1984) ("It is a fundamental rule of judicial restraint . . . that this

11

Court will not reach constitutional questions in advance of the necessity of deciding them.").[10]

B. **Amazon Is Likely to Suffer Irreparable Harm**

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). Irreparable harm is "a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (per curiam). "The standard for preliminary injunctive relief requires a *threat* of irreparable harm, not that irreparable harm already have occurred," see *Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) — although such threat must be "actual and imminent," not "remote" or "speculative." *Wabtec*, 559 F.3d at 118.

Amazon has established that it is likely to suffer irreparable harm absent injunctive relief enjoining Defendants' enforcement of the SERA Amendment. "In the Second Circuit, it is well-settled that an alleged constitutional violation constitutes irreparable harm." *Gallagher v. N.Y. State Bd. of*

---

[10] The Court also need not "separately address [Amazon's] as-applied claim[]" because the parties seem to agree, at least implicitly, that it is "better read as [a] facial objection[.]" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 155 n.3 (2014); see Defs.' PI Opp'n (declining to specifically address Amazon's as-applied challenge).

12

*Elections*, 477 F. Supp. 3d 19, 41 (S.D.N.Y. 2020) (collecting cases). And it is undisputed that Amazon is subject to the allegedly unconstitutional law at issue here, even if *enforcement* is currently stayed. Moreover, were proceedings related to the JFK8 claims to advance in parallel before the PERB and the NLRB, Amazon could be exposed to "the specter of inconsistent rulings." Pl.'s PI Br. 8, ECF No. 14-1. "Courts in the Second Circuit have routinely found," albeit in slightly different contexts, that "the risk of inconsistent judgments . . . constitutes irreparable harm." *Gov't Emps. Ins. Co. v. Q Pharmacy RX, Inc.*, No. 23-CV-9085, 2024 WL 3823491, at *2 (E.D.N.Y. Aug. 15, 2024) (collecting cases).

The state responds that "in the earlier-filed *NLRB v. State of New York et al.*, No. 25 Civ. 01283 (N.D.N.Y.), [the] PERB . . . agreed to hold in abeyance any matters . . . that may implicate the NLRB's jurisdiction until a decision is rendered . . . on the NLRB's preliminary injunction motion." Defs.' PI Opp'n 24. Because this administrative stay "effectively grants Amazon's requested relief until at least December 2025," *id.*, the state argues that Amazon is not facing imminent harm. In other words, the state effectively claims that Amazon's motion is moot.

But a temporary stay pending decision on a motion for a preliminary injunction is not interchangeable with the relief

13

sought here, i.e., a preliminary injunction. *Cf. People v. Seneci*, 817 F.2d 1015, 1017 (2d Cir. 1987) (affirming dismissal of request for injunction where a state court had already granted plaintiffs "*all* of the injunctive relief requested in the present case" (emphasis added)). Moreover, the state's attempt to avoid a preliminary injunction based on a stay it voluntarily stipulated to also calls to mind the principle that "voluntary cessation of allegedly illegal conduct does not make a case moot." *E.I. Dupont de Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 47 (2d Cir. 2006). As Amazon notes, "courts routinely reject such attempts to toggle enforcement on and off." Pl.'s Reply Br. 10, ECF No. 37 (citing *Metro. Transp. Auth. v. Duffy*, 784 F. Supp. 3d 624, 695 (S.D.N.Y. 2025)). Accordingly, Amazon has sufficiently established a likelihood of irreparable harm.

**C.    The Balance of the Equities Weighs in Amazon's Favor**

When the government is a party, the balance-of-equities and public-interest factors merge. *New York*, 969 F.3d at 58-59. Defendants assert two interests that weigh against granting a preliminary injunction: (1) it "would deprive New Yorkers of any forum to assert their collective bargaining rights during the pendency of this entire lawsuit"; and (2) Defendants have sought discovery about the "extent of [the

14

NLRB's] functioning." Defs.' PI Opp'n 24-25.[11]  But these asserted interests merely rehash the state's merits arguments, which the Court rejected above.  *See* Section II.A, *supra*.

Furthermore, while "the [s]tate has an interest in administering its laws without interference by federal equitable power, that interest is diminished when the laws at issue likely impinge a federal constitutional right. . . . [And] the public interest is well served by the correction of this constitutional harm."  *A.H. by & through Hester v. French*, 985 F.3d 165, 184 (2d Cir. 2021).  The balance of the equities therefore favors relief.

**D.    No Bond Is Required**

Under Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). While Rule 65(c)'s bond requirement appears mandatory on its face, the Second Circuit has held that district courts have "wide discretion to set the amount of a bond, and even to dispense with the bond requirement," such as "where there has

---

[11] Defendants also argue that "Amazon's inequitable litigation conduct establishing judicial estoppel . . . tips the balance of the equities against Amazon."  Defs.' PI Opp'n 25.  But the Court rejected Defendants' judicial estoppel argument in Section II.A, *supra*.

15

been no proof of likelihood of harm." *Dr.'s Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997).

Here, the state does not allege that Defendants — the only parties who would be enjoined or restrained — would suffer financial harm from a wrongful injunction.[12]  Indeed, the state has not requested that Amazon post bond.  Accordingly, no bond will be imposed at this time.  *See Vans, Inc. v. MSCHF Prod. Studio, Inc.*, 88 F.4th 125, 143 (2d Cir. 2023) ("[W]here the party opposing an injunction does not request security, the district court does not err in failing to order it.").

### III. Conclusion

For the foregoing reasons, Amazon's request for preliminary injunctive relief is granted.  Defendants are hereby enjoined from enforcing the SERA Amendment.

SO ORDERED.

                                         /s/ Eric Komitee
                                         ERIC KOMITEE
                                         United States District Judge

Dated:   November 26, 2025
         Brooklyn, New York

---

[12] While Defendant-Intervenor ALU argues that it would be collaterally harmed by an injunction, ALU's PI Opp'n 25, it does not contend that it would be *subject* to the injunction.  *See* Fed. R. Civ. P. 65(c) (referring to harm to "any party *found to have been wrongfully enjoined or restrained*" (emphasis added)).

16