UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAZON.COM SERVICES LLC, | Case No.: 1:25-cv-05311-ERK-MMH |
| 410 Terry Ave. North<br>Seattle, Washington 98109, | **INTERVENOR AMAZON LABOR UNION NO. 1, INTERNATIONAL BROTHERHOOD OF TEAMSTERS' ANSWER TO PLAINTIFF AMAZON.COM SERVICES, LLC'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Plaintiff, | |
| v. | |
| NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, TIMOTHY CONNICK, in his official capacity as Chair of the New York State Public Employment Relations Board, BARBARA C. DEINHARDT, in her official capacity as Member of the New York State Public Employment Relations Board, ROSEMARY A. TOWNLEY, in her official capacity as Member of the New York State Public Employment Relations Board, LAURA H. DELANEY, in her official capacity as General Counsel of the New York State Public Employment Relations Board, and JOSEPH E. O'DONNELL, in his official capacity as Director of Private Employment Practices and Representation for the New York State Employment Relations Board, | |
| P.O. Box 2074<br>Empire State Plaza<br>Agency Building 2<br>Albany, New York 12220, | |
| Defendants. | |

David O'Brien Suetholz
dsuetholz@teamster.org
Clement Tsao
ctsao@teamster.org
Willie J. Burden
wburden@teamster.org
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001
Phone: (202) 624-6847

Richard Griffin
rgriffin@bredhoff.com
BREDHOFF & KAISER, PLLC
805 15th Street NW Ste. 1000
Washington, DC 20005
Phone: (202) 842-2600

Jeanne Mirer (NY Bar No. 4546677)
jmirer@julienmirer.com
JULIEN MIRER & ASSOCIATES, PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201
Phone: (212) 231-2235

Julie Gutman Dickinson *(Pro hac vice)*
jgd@bushgottlieb.com
Jennifer A. Abruzzo *(Pro hac vice)*
jabruzzo@bushgottlieb.com
Luke Taylor *(Pro hac vice)*
ltaylor@bushgottlieb.com
BUSH GOTTLIEB, ALC
801 N. Brand Blvd., Suite 950
Glendale, CA 91203
Phone: (818) 973-3228

Edward M. Gleason, Jr.
ed@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL,
LENISKI
AND WALL, PLLC
128 C Street NW
Washington, D.C. 20001
Phone: (202) 978-3507

Pamela M. Newport
pamela@hsglawgroup.com
HERZFELD, SUETHOLZ, GASTEL,
LENISKI
AND WALL, PLLC
600 Vine Street | Suite 2720
Cincinnati, OH 45202
Phone: (513) 381-2224

Ian Hayes (NY Bar No. 5265889)
ihayes@hayesdolce.com
HAYES DOLCE LLP
135 Delaware Avenue, Suite 502
Buffalo, NY 14202
Phone: (716) 534-8388

Pursuant to Federal Rules of Civil Procedure 8(b), Intervenor Amazon Labor Union No. 1, International Brotherhood of Teamsters ("Intervenor" or "Teamsters") answers the Complaint of Plaintiff Amazon.com Services LLC ("Amazon") as follows. If an averment is not specifically admitted, it is hereby denied. To the extent that the Complaint contains headings which make factual assertions not otherwise contained in the Complaint paragraphs, Intervenor hereby denies those factual allegations, and denies all legal conclusions, assertions, or arguments contained in such headings.

## ANSWER TO INTRODUCTION

1.    Answering Paragraph 1 of the Complaint, Intervenor states that Paragraph 1 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 1 contains any allegations of fact, Intervenor admits that Congress enacted the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-69, that the National Labor Relations Board ("NLRB") is a regulatory agency established by the NLRA, and that the federal courts of appeals have judicial review of final orders from the NLRB. Intervenor denies that that the purpose of the NLRA was to "guarantee a single, unified system for union organizing, collective bargaining, and workplace disputes" and all other factual allegations contained therein.

2.    Answering Paragraph 2 of the Complaint, Intervenor states that Paragraph 2 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal

arguments, assertions, and conclusions. To the extent Paragraph 2 contains any allegations of fact, Intervenor admits that *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) and *Lodge 76, International Association of Machinists & Aerospace Workers v. Wisconsin Employment Relations Commission*, 427 U.S. 312 (1976) address preemption under the NLRA. Intervenor denies that uniformity is the bedrock of labor peace, business certainty, or the constitutional order, denies that labor law is the NLRB's exclusive domain, denies that state laws—like Senate Bill 8034A/Assembly Bill 8590A (the "Amendment"), which amended a section of the New York State Employment Relations Act ("SERA"), N.Y Lab. Law § 715—are preempted, and denies all other allegations of fact.

3. Answering Paragraph 3 of the Complaint, Intervenor states that Paragraph 3 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 3 contains any allegations of fact, Intervenor admits that New York enacted the Amendment and empowered the New York Public Employment Relations Board ("PERB") to regulate private-sector labor relations. Intervenor denies that the Amendment threatens to shatter the NLRA's foundation, and denies all other factual allegations.

4. Answering Paragraph 4 of the Complaint, Intervenor states that Paragraph 4 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 4 contains any

2

allegations of fact, Intervenor admits that Amazon's case challenges the constitutionality of the Amendment. Intervenor denies that the Amendment ignores the Supremacy Clause, denies that the Amendment defies the principles articulated in *Garmon* or *Machinists*, denies that the Amendment violates the Fourteenth Amendment, and denies all other allegations of fact contained therein.

5.     Answering Paragraph 5 of the Complaint, Intervenor states that Paragraph 5 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 5 contains any allegations of fact, Intervenor admits that the Amendment contains the quoted language, but denies Plaintiff's characterization of that language and denies all other allegations contained therein.

6.     Answering Paragraph 6 of the Complaint, Intervenor states that Paragraph 6 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 6 contains any allegations of fact, Intervenor denies that the Amendment flips U.S labor law on its head, denies that the Amendment subjects employers to a patchwork of state rules that contradict federal labor law, and denies all other factual allegations contained therein.

7.     Answering Paragraph 7 of the Complaint, Intervenor states that Paragraph 7 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal

arguments, assertions, and conclusions. To the extent Paragraph 7 contains any allegations of fact, Intervenor denies that the Amendment is unconstitutional, denies that there is exclusive federal authority to regulate labor disputes, denies that the Amendment intrudes on or seeks to displace that non-existent exclusive federal authority, denies that the Amendment creates parallel duplicative proceedings, denies that the Amendment exposes employers to conflicting obligations, denies that Congress considered national uniformity essential to labor peace, denies that the Amendment subjects Amazon or other employers to vague and arbitrary enforcement in violation of due process, and denies all other factual allegations contained therein.

8.    Answering Paragraph 8 of the Complaint, Intervenor states that Paragraph 8 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 8 contains any allegations of fact, Intervenor admits that the Amazon Labor Union-International Brotherhood of Teamsters Local 1 ("ALU") filed an unfair labor practice charge with PERB on behalf of a former employee at Amazon's JFK8 Staten Island fulfillment center. Intervenor denies that the Amendment is an unconstitutional power grab, denies that the dispute was already pending before the NLRB because the NLRB charge did not reference the employee's termination which occurred after the filing of the NLRB charge, and denies all other allegations of fact.

9.    Answering Paragraph 9 of the Complaint, Intervenor states that Paragraph 9 contains only background and legal arguments or assertions or conclusions that do not

require an answer. To the extent Paragraph 9 contains any allegations of fact, Intervenor denies all such factual allegations.

10.     Answering Paragraph 10 of the Complaint, Intervenor states that Paragraph 10 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 10 contains any allegations of fact, Intervenor denies all such factual allegations.

11.     Answering Paragraph 11 of the Complaint, Intervenor states that Paragraph 11 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 11 contains any allegations of fact, Intervenor admits that Amazon seeks declaratory and injunctive relief, and denies all other allegations of fact.

## ANSWER TO JURISDICTION AND VENUE

12.     Answering Paragraph 12 of the Complaint, Intervenor states that Paragraph 12 contains only background and legal arguments or assertions or conclusions that do not require an answer. To the extent an answer is required, Intervenor admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and that federal courts have jurisdiction where a plaintiff seeks to enjoin a state regulation on the grounds that it is preempted by federal law. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983). Plaintiffs denies all other factual allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Intervenor states that Paragraph

13 contains only background and legal arguments or assertions or conclusions that do not require an answer. To the extent an answer is required, Intervenor admits that venue is proper under 28 U.S.C. § 1391(b)(2) because the employee on whose behalf the ALU filed an unfair labor practice charge worked at Amazon's JFK8 fulfilment center.

## ANSWER TO THE PARTIES

14.     Answering Paragraph 14 of the Complaint, Intervenor lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

15.     Answering Paragraph 15, Intervenor admits the factual allegations contained therein.

16.     Answering Paragraph 16, Intervenor admits the factual allegations contained therein.

17.     Answering Paragraph 17, Intervenor admits the factual allegations contained therein.

18.     Answering Paragraph 18, Intervenor admits the factual allegations contained therein.

19.     Answering Paragraph 19, Intervenor admits the factual allegations contained therein.

20.     Answering Paragraph 20, Intervenor admits the factual allegations contained therein.

## ANSWER TO FACTUAL BACKGROUND

21.     Answering Paragraph 21 of the Complaint, Intervenor states that Paragraph

21 contains only background and legal arguments or assertions or conclusions that do not require an answer. Plaintiff also avers that the NLRA speaks for itself, and respectfully refers the Court to the NLRA for its true contents. Intervenor denies all other factual allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Intervenor states that Paragraph 22 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. Plaintiff also avers that the NLRA speaks for itself, and respectfully refers the Court to the NLRA for its true contents. To the extent Paragraph 22 contains any allegations of fact, Intervenor denies that Congress vested the NLRB with exclusive jurisdiction to certify bargaining units, supervise elections, or adjudicate unfair labor practice charges, and denies all other factual allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, Intervenor states that Paragraph 23 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. Plaintiff also avers that the NLRA speaks for itself, and respectfully refers the Court to the NLRA for its true contents. To the extent Paragraph 23 contains any allegations of fact, Intervenor admits that the NLRA contains the quoted language, but denies Plaintiff's characterization of that language and denies all other allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, Intervenor states that Paragraph

24 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 24 contains any allegations of fact, Intervenor denies that any federal scheme broadly preempts all state attempts to regulate labor relations, and denies all the factual allegations contained therein.

25.     Answering Paragraph 25 of the Complaint, Intervenor states that Paragraph 25 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 25 contains any allegations of fact, Intervenor admits that some states do regulate labor law for agricultural workers and local public employees. Intervenor denies all other factual allegations contained therein.

26.     Answering Paragraph 26 of the Complaint, Intervenor states that Paragraph 26 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 26 contains any allegations of fact, Intervenor admits that before the Amendment, SERA excluded from PERB's jurisdiction employees covered by the NLRA. Intervenor lacks sufficient knowledge or information to form a belief regarding whether New York's labor scheme prior to the Amendment applied *only* to state employees, agricultural employees, and non-employee contractors, and on that basis denies such allegations. Intervenor denies all

other factual allegations contained therein.

27.     Answering Paragraph 27 of the Complaint, Intervenor states that Paragraph 27 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. Plaintiff also avers that SERA and the Amendment speaks for themselves, and respectfully refers the Court to SERA and the Amendment for their true contents.  Intervenor denies all other factual allegations contained therein.

28.     Answering Paragraph 28 of the Complaint, Intervenor states that Paragraph 28 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 28 contains any allegations of fact, Intervenor admits that New York enacted the Amendment on September 5, 2025, giving PERB authority to regulate employees and employers also arguably covered by the NLRA. Intervenor denies all other factual allegations contained therein.

29.     Answering Paragraph 29 of the Complaint, Intervenor states that Paragraph 29 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 29 contains any allegations of fact, Intervenor admits that the Amendment was not passed pursuant to any written agreement by which the NLRB agreed to cede its jurisdiction over Amazon.

9

Intervenor denies that the NLRB has exclusive jurisdiction, and denies all other factual allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Intervenor states that Paragraph 30 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 30 contains any allegations of fact, Intervenor denies that the Amendment *mandates* PERB to assert jurisdiction over NLRA-covered employees, denies that N.Y. Lab. Law § 715(1)(b) contains the phrase "unless and until," and denies all other factual allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, Intervenor states that Paragraph 31 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. Plaintiff also avers that the Amendment speaks for itself and respectfully refers the Court to the Amendment for its true contents. To the extent Paragraph 31 contains any allegations of fact, Intervenor denies the factual allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Intervenor states that Paragraph 32 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 32 contains any allegations of fact, Intervenor admits that the SERA and the NLRA contain the quoted

text. Intervenors deny all other factual allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Intervenor states that Paragraph 33 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 33 contains any allegations of fact, Intervenor admits that both SERA and the NLRA contain processes for certifying bargaining units. Intervenors deny all other factual allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, Intervenor states that Paragraph 34 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 34 contains any allegations of fact, Intervenor admits that the Amendment contains the quoted language. Intervenor denies all other factual allegations contained therein.

35.     Answering Paragraph 35 of the Complaint, Intervenor states that Paragraph 35 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 35 contains any allegations of fact, Intervenor denies that any portion of the Amendment is illusory, denies that the District Court does not seek orders to assert its jurisdiction, denies that federal courts pay no role in NLRB proceedings except for rare cases, and denies all other factual allegations.

11

36. Answering Paragraph 36 of the Complaint, Intervenor states that Paragraph 36 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 36 contains any allegations of fact, Intervenor admits that the Amendment grants PERB jurisdiction over private sector labor relations that may also be regulated by the NLRA. Intervenor denies that this is inconsistent with the NLRA or with *Garmon*, denies that the NLRA is an exclusive federal framework, and denies all other factual allegations contained therein.

37. Answering Paragraph 37 of the Complaint, Intervenor states that Paragraph 37 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 37 contains any allegations of fact, Intervenor denies that PERB's labor law regime diverges in critical respects from the NLRA, and denies all other factual allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Intervenor states that Paragraph 38 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 38 contains any allegations of fact, Intervenor denies that a conflict exists between SERA and the NLRA, and denies all other factual allegations contained therein.

39. Answering Paragraph 39 of the Complaint, Intervenor states that Paragraph 39 contains only background and legal arguments or assertions or conclusions that do not

require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 39 contains any allegations of fact, Intervenor denies that a conflict exists between SERA and the NLRA, and denies all other factual allegations contained therein.

40.    Answering Paragraph 40 of the Complaint, Intervenor states that Paragraph 40 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 40 contains any allegations of fact, Intervenor denies that a conflict exists between SERA and the NLRA, and denies all other factual allegations contained therein.

41.    Answering Paragraph 41 of the Complaint, Intervenor states that Paragraph 41 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 41 contains any allegations of fact, Intervenor admits that the SERA contains the quoted language. Intervenor denies Plaintiff's characterization of that language, denies that a conflict exists between SERA and the NLRA, and denies all other factual allegations contained therein.

42.    Answering Paragraph 42 of the Complaint, Intervenor states that Paragraph 42 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 42 contains any allegations of fact, Intervenor denies that the Amendment strips any person or entity of

any rights, denies that the Amendment imposes duties Congress deliberately declined to create, and denies all other factual allegations contained therein.

43.    Answering Paragraph 43 of the Complaint, Intervenor admits that the referenced unfair labor practice charge was filed against Amazon with PERB.

44.    Answering Paragraph 44 of the Complaint, Intervenor admits that PERB issued a Notice of Conference dated September 16, 2025, a copy of which is attached to the La Rocca Decl. as Exhibit 3. Intervenor lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegation concerning when Amazon was served with the charge and notice of conference, and on that basis denies such allegations.

45.    Answering Paragraph 45 of the Complaint, Intervenor states that Paragraph 45 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 45 contains any allegations of fact, Intervenor denies that the termination of Brima Sylla was for productivity reasons. Intervenor otherwise states that the filed charge speaks for itself regarding its contents. Intervenor otherwise denies all other factual allegations.

46.    Answering Paragraph 46 of the Complaint, Intervenor states that Paragraph 46 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 46 contains any allegations of fact, Intervenor admits that SERA contains the quoted language and that

the charge invoked N.Y. Lab. Law § 704(10). Intervenor denies all other factual allegations.

47.     Answering Paragraph 47 of the Complaint, Intervenor states that Paragraph 47 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. Answering Paragraph 47 of the Complaint, Intervenor admits that the NLRA contains the quoted language, but denies all other factual allegations contained therein.

48.     Answering Paragraph 48 of the Complaint, Intervenor states that Paragraph 48 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 48 contains any allegations of fact, Intervenor admits that there are pending NLRB charges filed against Amazon involving Brima Sylla but denies that the NLRB charges raise the very same disciplinary actions as the PERB charges because the NLRB charges do not involve Sylla's termination, which occurred after the NLRB charges were filed.

49.     Answering Paragraph 49 of the Complaint, Intervenor states that Paragraph 49 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 49 contains any allegations of fact, Intervenor admits that NLRB Case No. 29-CA-361669 alleges that Amazon disciplined Sylla in January 2025 for "idle time." Intervenor lacks sufficient

knowledge or information to form a belief concerning the truth of the factual allegation concerning whether the NLRB requested information from Amazon related to this charge and whether the document attached to the La Rocca declaration as Exhibit 4 constitutes such a request for information, and on that basis denies such allegations.

50.    Answering Paragraph 50 of the Complaint, Intervenor states that Paragraph 50 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 50 contains any allegations of fact,  Intervenor admits that Case No. 29-CA-361669 remains pending before NLRB Region 29, and that two other charges have been filed with the NLRB regarding Sylla's employment with Amazon in Case Nos. 29-CA-310868 and 29-CA-359088.  Intervenor lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegation concerning whether or when Amazon submitted a position statement to Region 29 in Case No. 29-CA-361669, and on that basis denies such allegations.

51.    Answering Paragraph 51 of the Complaint, Intervenor states that Paragraph 51 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 51 contains any allegations of fact, Intervenor admits that the charge contains the quoted language, and denies all other factual allegations contained therein.

52.    Answering Paragraph 52 of the Complaint, Intervenor avers that the

document speaks for itself and respectfully refers the Court to the Amendment for its true contents.

53.    Answering Paragraph 53 of the Complaint, Intervenor states that Paragraph 53 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 53 contains any allegations of fact, Intervenor denies all such factual allegations contained therein.

54.    Answering Paragraph 54 of the Complaint, Intervenor states that Paragraph 54 contains only background and legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 54 contains any allegations of fact, Intervenor denies that there is any immediate or ongoing or irreparable harm from the Amendment, denies that the Amendment is unconstitutional, denies that there is a need for judicial intervention, and denies all other factual allegations contained therein.

## ANSWER TO COUNT ONE

55.    Answering Paragraph 55 of the Complaint, Intervenor incorporates by reference paragraphs 1 through 54 above, to the same effect as if set forth verbatim.

56.    Answering Paragraph 56 of the Complaint, Intervenor states that Paragraph 56 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 56 contains any allegations of fact,

Intervenor admits that the Amendment regulates activities covered by the NLRA. Intervenor denies that the Amendment violates the Supremacy Clause under *Garmon* or otherwise, and denies all other factual allegations contained therein.

57.    Answering Paragraph 57 of the Complaint, Intervenor states that Paragraph 57 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 57 contains any allegations of fact, Intervenor denies the factual allegations contained therein.

58.    Answering Paragraph 58 of the Complaint, Intervenor states that Paragraph 58 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 58 contains any allegations of fact, Intervenor admits that the Amendment allows PERB to regulate matters that are also regulated under Section 7 and Section 8 of the NLRA. Intervenor denies that the Amendment displaces the NLRB, denies that the Amendment is preempted under *Garmon* or otherwise, and denies all other factual allegations contained therein.

59.    Answering Paragraph 59 of the Complaint, Intervenor states that Paragraph 59 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 59 contains any allegations of fact, Intervenor denies that Amazon is entitled to declaratory or injunctive relief barring enforcement of the Amendment, or to any other form of relief, and denies all other

factual allegations contained therein.

## ANSWER TO COUNT TWO

60.     Answering Paragraph 60 of the Complaint, Intervenor incorporates by reference paragraphs 1 through 59 above, to the same effect as if set forth verbatim.

61.     Answering Paragraph 61 of the Complaint, Intervenor states that Paragraph 61 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 61 contains any allegations of fact, Intervenor admits that the proceeding before PERB docketed as Case No. UP-40005 involves conduct that is also governed by Section 8 of the NLRA. Intervenor denies that this proceeding is preempted under *Garmon* or otherwise, and denies all other factual allegations contained therein.

62.     Answering Paragraph 62 of the Complaint, Intervenor states that Paragraph 62 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 62 contains any allegations of fact, Intervenor admits that the charge in PERB Case No. UP-40005 invokes Section 704(10) of New York Labor Law, and denies all other factual assertions contained therein.

63.     Answering Paragraph 63 of the Complaint, Intervenor states that Paragraph 63 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 63 contains any allegations of fact,

Intervenor denies that PERB Case No. UP-40005 raises the exact same allegations as NLRB Case No. 29-CA-361669 because Case No. 29-CA-361669 does not involve Sylla's termination.

64.     Answering Paragraph 64 of the Complaint, Intervenor states that Paragraph 64 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 64 contains any allegations of fact, Intervenor admits that the charge in PERB Case No. UP-40005 seeks to regulate conduct that could also be regulated under Section 8 of the NLRA. Intervenor denies that this violates *Garmon* or any other binding precedent, and denies all other factual allegations contained therein.

65.     Answering Paragraph 65 of the Complaint, Intervenor states that Paragraph 65 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 65 contains any allegations of fact, Intervenor denies that Amazon is entitled to declaratory or injunctive relief barring PERB from exercising authority over Case No. UP-40005, denies that Amazon is entitled to any other form of relief, and denies all other factual allegations contained therein.

## ANSWER TO COUNT THREE

66.     Answering Paragraph 66 of the Complaint, Intervenor incorporates by reference paragraphs 1 through 65 above, to the same effect as if set forth verbatim.

67.     Answering Paragraph 67 of the Complaint, Intervenor states that Paragraph

67 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 67 contains any allegations of fact, Intervenor denies all such factual allegations contained therein.

68.    Answering Paragraph 68 of the Complaint, Intervenor states that Paragraph 68 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 68 contains any allegations of fact, Intervenor admits that *Local 76, International Association of Machinists and Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976) addressed preemption, but denies all other factual allegations contained therein.

69.    Answering Paragraph 69 of the Complaint, Intervenor states that Paragraph 69 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. Plaintiff also avers that the NLRA speaks for itself, and respectfully refers the Court to the NLRA for its true contents. To the extent Paragraph 69 contains any allegations of fact, Intervenor admits that the NLRA contains the quoted language, and Intervenor denies all other factual allegations contained therein.

70.    Answering Paragraph 70 of the Complaint, Intervenor states that Paragraph 70 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 70 contains any allegations of fact,

21

Intervenor admits that the Amendment makes SERA applicable to Amazon in some circumstances. Intervenor denies that the Amendment or SERA intrudes on the NLRA in any way, denies that the Amendment or SERA prohibits employer communications that the NLRA protects, denies that the Amendment or SERA strips away employer rights to resist unionization through non-coercive means, denies that the Amendment or SERA allow PERB to intervene and settle labor matters, and denies all other factual allegations contained therein.

71.    Answering Paragraph 71 of the Complaint, Intervenor states that Paragraph 71 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 71 contains any allegations of fact, Intervenor denies that the Amendment distorts the federal balance by regulating matters Congress left unregulated, and denies all other factual allegations contained therein.

72.    Answering Paragraph 72 of the Complaint, Intervenor states that Paragraph 72 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 72 contains any allegations of fact, Intervenor denies that the Amendment is preempted under *Machinists* or otherwise, and denies all other factual allegations contained therein.

73.    Answering Paragraph 73 of the Complaint, Intervenor states that Paragraph 73 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments,

assertions, and conclusions. To the extent Paragraph 73 contains any allegations of fact, Intervenor denies that Amazon is entitled to declaratory or injunctive relief barring enforcement of the Amendment, denies that Amazon is entitled to any other form of relief, and denies all other factual allegations contained therein.

## ANSWER TO COUNT FOUR

74.     Answering Paragraph 74 of the Complaint, Intervenor incorporates by reference paragraphs 1 through 73 above, to the same effect as if set forth verbatim.

75.     Answering Paragraph 75 of the Complaint, Intervenor states that Paragraph 75 contains only legal arguments or assertions or conclusions that do not require an answer. Plaintiff also avers that the Fourteenth Amendment speaks for itself, and respectfully refers the Court to the Fourteenth Amendment for its true contents. To the extent Paragraph 75 contains any allegations of fact, Intervenor denies all such factual allegations contained therein.

76.     Answering Paragraph 76 of the Complaint, Intervenor states that Paragraph 76 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 76 contains any allegations of fact, Intervenor denies all such factual allegations contained therein.

77.     Answering Paragraph 77 of the Complaint, Intervenor states that Paragraph 77 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 77 contains any allegations of fact,

Intervenor denies that the Amendment is unconstitutionally vague, and denies all other factual allegations contained therein.

78.    Answering Paragraph 78 of the Complaint, Intervenor states that Paragraph 78 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 78 contains any allegations of fact, Intervenor denies that any statutory trigger contained in the Amendment is unintelligible, denies that the Amendment leaves employers without fair notice, denies that the Amendment allows PERB to insert itself arbitrarily into ongoing federal proceedings, and denies all other factual allegations contained herein.

79.    Answering Paragraph 79 of the Complaint, Intervenor states that Paragraph 79 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 79 contains any allegations of fact, Intervenor denies that SERA prohibits speech allowed under Section 8(c) of the NLRA, denies that the Amendment or SERA is vague, denies that SERA or the Amendment forces employers to self-censor, denies that the Amendment or SERA violates employers' due process rights, and denies all other factual allegations contained therein.

80.    Answering Paragraph 80 of the Complaint, Intervenor states that Paragraph 80 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 80 contains any allegations of fact,

Intervenor denies that SERA or the Amendments lack any standards to govern PERB's actions under the Amendment, denies that the Amendment or SERA violate employers' due process rights, and denies all other factual allegations contained therein.

81.     Answering Paragraph 81 of the Complaint, Intervenor states that Paragraph 81 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 81 contains any allegations of fact, Intervenor denies that the Amendment or SERA are vague or standardless, denies that the Amendment or SERA violate Amazon's due process rights under the Fourteenth Amendment, and denies all other factual allegations contained therein.

82.     Answering Paragraph 82 of the Complaint, Intervenor states that Paragraph 82 contains only legal arguments or assertions or conclusions that do not require an answer, and to the extent an answer is required, Intervenor denies those legal arguments, assertions, and conclusions. To the extent Paragraph 82 contains any allegations of fact, Intervenor denies that Amazon is entitled to declaratory or injunctive relief barring enforcement of the Amendment, denies that Amazon is entitled to any other form of relief, and denies all other factual allegations contained therein.

## ANSWER TO REQUEST FOR RELIEF

Intervenor denies that Amazon is entitled to any relief.

## AFFIRMATIVE DEFENSES

Intervenor pleads the following separate defenses. Intervenor reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSES

### (Failure to state a claim)

83.    As to each of its counts, the Complaint fails to state facts sufficient to state a claim.

## SECOND AFFIRMATIVE DEFENSES

### (Standing)

84.    As to the Complaint's Third count, Plaintiff lacks standing.

## THIRD AFFIRMATIVE DEFENSES

### (Ripeness)

85.    The Complaint's Third and Fourth counts are not ripe for adjudication.

## FOURTH AFFIRMATIVE DEFENSES

### (Judicial Estoppel)

86.    As to the Complaints First and Second counts, Plaintiff is judicially estopped by its constitutional challenges to NLRB enforcement proceedings in separate litigation and its allegations therein that it would be irreparably harmed by being subject to such proceedings.

## FIFTH AFFIRMATIVE DEFENSES

### (Unclean Hands)

87.    As to each of its counts, Plaintiff's unclean hands bar it from receiving equitable relief, because Plaintiff has sought to undermine the NLRA and its protections through numerous and willful violations of the NLRA and through its constitutional challenges to NLRB enforcement proceedings.

WHEREFORE, Intervenor prays for relief as follows:

1.     That the Complaint be dismissed on the merits, with prejudice and in its entirety;

2.     That Plaintiffs take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendant and Intervenor;

3.     That Intervenor be awarded its attorneys' fees and costs incurred in defending this action as allowed by applicable law;

4.     That Intervenor be granted such other and further relief as the Court may deem just and proper.


DATED:   December 5, 2025          BUSH GOTTLIEB
                                   A Law Corporation


                         By    _Julie Gut De_____

                               Julie Gutman Dickinson
                               Jennifer A. Abruzzo
                               Luke R. Taylor

                               801 North Brand Boulevard, Suite 950
                               Glendale, California 91203-1260
                               (818) 973-3200

                               Attorneys for Intervenor Amazon Labor
                               Union No. 1 International Brotherhood of
                               Teamsters