UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------

AMAZON.COM SERVICES LLC,

                Plaintiff,

          -against-

NEW YORK STATE PUBLIC EMPLOYMENT
RELATIONS BOARD et al.,

                Defendants,

          -and-

AMAZON LABOR UNION NO. 1
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

        Defendant-Intervenor.

-------------------------------------

**MEMORANDUM & ORDER**
25-CV-5311(EK)(MMH)

ERIC KOMITEE, United States District Judge:

Currently before the Court is Amazon's motion for summary judgment on Count I.  The Court presumes familiarity with the procedural and factual background of this case, as set forth in our November 26, 2025 order granting Amazon's motion for a preliminary injunction.  *See generally* ECF No. 49 (the "Preliminary Injunction Order").[1]

Amazon's motion is granted for substantially the same reasons articulated in the Preliminary Injunction Order: the

---

[1] The Court also adopts all abbreviations used in the Preliminary Injunction Order in this order.

SERA Amendment is squarely preempted by the NLRA as interpreted in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959).[2]  We write further to address several new arguments raised in the summary judgment briefing.  None leads the Court to "reconsider its conclusions in [the] Preliminary Injunction Order."  Defs.' Opp'n 3, ECF No. 70.

## I.    Discussion

### A.    This Court Does Not Have the Authority to Invent a New Exception to *Garmon* Preemption

No matter how defendants frame their argument, they are ultimately asking the Court to overrule — or invent a new exception to — the preemption doctrine laid out by the Supreme Court in *Garmon*.  *See, e.g.*, Defs.' Opp'n 13 (asking the Court to "decid[e] whether *Garmon*'s finding of implied preemption continues to apply").  Defendants readily admit that the SERA Amendment gives PERB and the NLRB "concurrent" jurisdiction, *see, e.g.*, *id.* at 1, 9, 23, which is precisely what *Garmon* disallows.  *See Garmon*, 359 U.S. at 245 ("When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the *exclusive* competence of the [NLRB]." (emphasis added)).  Nonetheless, defendants ask us to conduct an implied preemption analysis from scratch, as

---

[2] Having determined that this case turns on pure questions of law, we stayed discovery pending resolution of Amazon's motion for summary judgment. *See* docket order dated Jan. 16, 2026; minute entry dated Jan. 29, 2026.

2

though the NLRA's preemptive effect were a matter of first impression. *See* Defs.' Opp'n 11-18. But, again, this Court is bound by *Garmon* "[u]ntil and unless the Supreme Court itself overrules or limits" it. *Perez v. Greiner*, 296 F.3d 123, 125 n.4 (2d Cir. 2002).

Defendants urge us to reconsider in light of the Supreme Court's recent decision overturning *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), which had upheld for-cause removal protections for members of "independent" executive agencies like the NLRB. *See* Notice of Suppl. Authority, ECF No. 75 (citing *Trump v. Slaughter*, No. 25-332, 2026 WL 1855612 (U.S. June 29, 2026)). But whether for-cause removal protections are an essential underpinning of the NLRB's exclusive jurisdiction, as laid out in *Garmon*, is a question for the Supreme Court and / or Congress. *See* Defs.' Opp'n 1 ("These changes have erased *Congress and the Supreme Court's basis* for entrusting administration of the labor policy for the Nation to the NLRB." (emphasis added)); *see also Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1290 (2026) (Thomas and Barrett, JJ., concurring) ("Statutes change only when Congress changes them,

3

not when judges decide that they no longer vindicate Congress's purposes."). [3]

The 1959 amendments to the NLRA merely underscore this point.  Defendants argue that Congress passed those amendments in "reaction to Supreme Court decisions that had permitted . . . jurisdictional no-man's lands" in American labor law.  Defs.' Opp'n 17.  But just as Congress acted then, it could act now to the extent it believes that changed political circumstances warrant reconsideration of the scope of the NLRB's exclusive jurisdiction.  So too, the purported inefficiencies and obstruction at the NLRB that defendants describe, *see, e.g.*, Defs.' Opp'n 6-9, are a political issue more appropriately addressed to Congress.

## B.   The *Sears* Exception Does Not Apply

To support its argument that *Garmon* does not apply now that "ending quorums is . . . a tool of presidential control,"

---

[3] Defendants had pointed to *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293 (4th Cir. 2025), *cert. granted, opinion rev'd sub nom. Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285 (2026), as "particularly persuasive" support for their position in this case.  *See* Defs.' Opp'n 15 n.10; Defs.' Opp' to Mot. for Prelim. Inj. 14, ECF No. 30.  That case "held that an exception to exhaustion requirements for federal employee claims regarding personnel actions covered by the Civil Service Reform Act might be justified by the Special Counsel and Merit System Protection Board's loss of independence."  Defs.' Opp'n 15 n.10.  The Supreme Court has since summarily reversed the Fourth Circuit for violating the principle of party presentation.  *See Margolin*, 146 S. Ct. at 1287.  Justices Thomas and Barrett wrote separately to criticize the Fourth Circuit's decision on the merits for reading an exception into a statutory exhaustion requirement on the basis of changed political circumstances.  *Id.* at 1290 (Thomas and Barrett, JJ., concurring).

4

ALU invokes the Supreme Court's decision in *Sears v. San Diego County District Council of Carpenters*, 436 U.S. 180 (1978).  *See* ALU's Opp'n 17-21, ECF No. 71; *see also* Defs.' Opp'n 21 (relying on *Sears* to argue that the SERA Amendment can be applied constitutionally when the NLRB lacks a quorum).  Specifically, ALU contends that *Sears* "blessed an exception to *Garmon* permitting state regulation when parties 'lack[] a reasonable opportunity to secure'" an NLRB decision — as they do now, in ALU's view, due to the NLRB's dysfunction.  ALU's Opp'n 18 (quoting *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 777 n.1 (2023)).

That argument is simply incorrect.  *Sears* held that a state court could "entertain an action" that "arguably — but not definitively" involved conduct prohibited or protected by the NLRA when the plaintiff had no "reasonable opportunity either to *invoke the Board's jurisdiction* himself or else to induce his adversary to do so."  436 U.S. at 201 (emphasis added).  Here, by contrast, the SERA Amendment gives PERB the authority to regulate matters clearly within the NLRB's exclusive jurisdiction.  That is unconstitutional.  Indeed, the *Sears* Court reiterated that "unquestionably[,] . . . when the same controversy may be presented to the state [body] or the NLRB, it *must* be presented to the Board."  *Id.* at 202 (emphasis added).

5

**C.    Defendants' Request for a "Tailored" Remedy Is Denied**

Defendants also argue that, at the very least, the Court should "reject [Amazon's] facial challenge or . . . provide a tailored remedy" because there are circumstances under which the SERA Amendment's application would be valid.  Defs.' Opp'n 18.  Specifically, defendants ask the Court to hold that "the 2025 Amendment can be constitutionally applied when the NLRB is unable to exercise jurisdiction – either when Board Member firings without cause eliminate a quorum or when courts enjoin the NLRB from processing a case."  *Id.* at 20.  We disagree.

*First*, defendants argue that the SERA Amendment "is constitutional when applied in circumstances like 2025 in which the NLRB cannot function" due to its lack of quorum.  *Id.* at 19.  But that is merely a variant on defendants' argument for an exception to *Garmon*.  It does not merit further discussion, except to note that the NLRB regained its quorum less than a month after the issuance of the Preliminary Injunction Order.[4]

*Second*, defendants claim that the SERA Amendment's "grant of jurisdiction . . . could encompass specific labor

---

[4] *See* Parker Purifoy, "NLRB Regains Quorum as Senate Confirms Trump Labor Slate," *Bloomberg Law* (Dec. 18, 2025), https://perma.cc/97BV-R7JX.  ALU also contends that it would be constitutional for PERB to exercise concurrent jurisdiction with the NLRB during a federal government shutdown.  ALU's Opp'n 22.  That argument fails for similar reasons.

disputes that fall under [recognized] *Garmon* exceptions." *Id.* at 19 (citing *Glacier*, 598 U.S. at 777 n.1). But defendants do not explain how. We have already explained why the *Sears* exception is inapplicable here. *See supra* Section I.B. The other two recognized exceptions — for conduct that "is a merely peripheral concern of the NLRA" and "conduct [that] touches interests . . . deeply rooted in local feeling and responsibility" — are also inapposite, largely for the reasons articulated in Amazon's reply brief. *Glacier*, 598 U.S. at 777 n.1; *see* Amazon's Reply 11-13, ECF No. 74.

SERA, by defendants' own admission, provides "parallel rights" to the NLRB. *See* Defs.' Opp'n 3. Indeed, New York courts have repeatedly recognized that "The [NLRA], and the [SERA] are not only alike in their provisions but are almost identical in their language." *New York State Lab. Rels. Bd. v. Holland Laundry*, 294 N.Y. 480, 492 (N.Y. 1945). Clearly then, SERA does not address conduct "peripheral" to the NLRA or rooted in local concerns. Rather, it governs the very same conduct at the heart of the NLRA.

*Finally*, defendants contend that the SERA Amendment can be applied constitutionally "when the NLRB is enjoined from processing a case." Defs.' Opp'n 22. But that would turn the statute on its head. As written, the SERA Amendment applies *except when* the NLRB "successfully asserts jurisdiction over any

7

employer, employees, trades, or industries" via a federal court order. *See* SERA Amendment, ECF No. 1-1. "Statutes should be construed to avoid constitutional questions, but this interpretative canon is not a license for the judiciary to rewrite language enacted by the legislature." *Salinas v. United States*, 522 U.S. 52, 59-60 (1997).

**D.    Amazon's Claims Are Neither Moot, Nor Duplicative**

Lastly, ALU argues that the case is now moot because Amazon's "particularized injury" — the PERB charge that ALU filed on Brima Sylla's behalf — "has been withdrawn." ALU's Opp'n 9. This argument fails. For one thing, a plaintiff can "bring[] a pre-enforcement facial challenge against a statute" without "demonstrat[ing] to a certainty that it will be prosecuted under the statute"; rather, it must prove "only that it has an actual and well-founded fear that the law will be enforced against it." *Pac. Cap. Bank, N.A. v. Connecticut*, 542 F.3d 341, 350 (2d Cir. 2008). Amazon has clearly done so here.

Moreover, even if the Sylla charge was the only basis for Amazon's standing, "[a]n exception to the mootness doctrine applies when a defendant ceases the challenged action voluntarily." *Allstate Ins. Co. v. Serio*, No. 97-CV-23, 2003 WL 21418198, at *4 (S.D.N.Y. May 7, 2003). ALU argues this case is different because it "didn't do anything allegedly unlawful [itself], and Amazon didn't sue [ALU]." ALU's Opp'n 10. But

8

that is a distinction without a difference: ALU sought to intervene as a defendant in this case in part to defend the Sylla charge. *See* Mot. to Intervene 14, ECF No. 26-1. And it withdrew that charge in response to the Preliminary Injunction Order, which led Sylla to conclude that his "case would be decided more promptly" by the NLRB. ALU's Jan. 26, 2026 Ltr.-Mot. for a Pre-Mot. Conf., ECF No. 58. If that were to render this case moot, the Court would vacate its injunction, and Sylla (or a different member of ALU) could bring another charge to PERB, which — by ALU's own telling — is the preferable forum. That is exactly what the voluntary cessation doctrine seeks to prevent. *See Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021) ("The voluntary cessation rule ensures that a party cannot evade judicial review . . . by temporarily altering [its] behavior.").

ALU also briefly argues, in the alternative, that the Court should dismiss this litigation as duplicative of that currently pending in the Northern District of New York. *See* ALU's Opp'n 9-10; *see also NLRB v. New York*, No. 25-CV-01283 (N.D.N.Y.). We have already twice rejected variants of this argument and will not consider it anew. *See* Sept. 29, 2025 docket order denying motion for a stay; Preliminary Injunction Order 13-14.

**E.    Amazon Has Met the Standards for Summary Judgment and Permanent Injunctive Relief**

Summary judgment is appropriate when there is no genuine dispute of material fact, such that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Here, because we hold that the SERA Amendment is unconstitutional as a matter of law, summary judgment is warranted, and Amazon is entitled to declaratory relief.

Amazon has also fulfilled the requirements for permanent injunctive relief:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). When the plaintiff seeks an injunction against the government, the final two factors merge.  *Cf. New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 58-59 (2d Cir. 2020) (articulating the same rule in the context of a preliminary injunction motion).

Each of these factors has been met here.  As the Court previously noted, "it is well-settled that an alleged constitutional violation constitutes irreparable harm." *Gallagher v. N.Y. State Bd. of Elections*, 477 F. Supp. 3d 19, 41

10

(S.D.N.Y. 2020) (collecting cases); *see also* Prelim. Inj. Order 12-13.  And it is equally obvious that a constitutional violation of the sort alleged here cannot be remedied with money damages.  *Cf. Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 191 (2023) ("[An unconstitutional] proceeding that has already happened cannot be undone.").  Finally, the state's "interest in administering its laws without interference by federal equitable power . . . is diminished when the laws at issue likely impinge a federal constitutional right. . . . [And] the public interest is well served by the correction of this constitutional harm."  *A.H. by & through Hester v. French*, 985 F.3d 165, 184 (2d Cir. 2021).

## II.  Conclusion

For the foregoing reasons, Amazon's motion for summary judgment on Count I is granted.  It is hereby declared that the SERA Amendment is unconstitutional, null, and void.  And defendants are permanently enjoined from enforcing the SERA Amendment.  Because that is the extent of the relief that Amazon seeks, Counts II through IV are dismissed without prejudice.

11

The Clerk of Court is respectfully directed to enter judgment

for Amazon and to close this case.


SO ORDERED.


__/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    July 20, 2026
          Brooklyn, New York